## COLLINS et al. v. UNITED STATES.
### No. 11037.

Circuit Court of Appeals, Ninth Circuit.
Sept. 25, 1946.

As Amended Oct. 17, 1946.

Rehearing Denied Nov. 4, 1946.

See, also, 9 Cir. 148 F.2d 338.

David H. Cannon, of Los Angeles, Cal., for appellants Collins and Fischgrund.

Ben L. Blue, of Los Angeles, Cal., for appellants Fischgrund and Schirm.

James M. Carter, U. S. Atty., and Attilio Di Girolamo, Asst. U. S. Atty., both of Los Angeles, Cal. (Roger S. Foster, Sol., Securities & Exchange Commission, Robert S. Rubin, Asst. Sol., and W. Victor Rodin, Atty., SEC, all of Philadelphia, Pa., of counsel), for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellants, with two others, were indicted for violations of the fraud provisions of the Securities Act of 1933, 15 U.S.C.A. § 77q (a) (1), and the mail fraud statute, 18 U.S.C.A. § 338, and for conspiracy to violate these statutes. They were convicted on the conspiracy count only. Their codefendants were acquitted on all counts. The primary claim here is that the evidence was insufficient to prove the conspiracy.

We are not able to agree. There is evidence warranting the jury in believing that appellants participated in a fraudulent if largely unsuccessful scheme to rig the market in the stock of Union Associated Mines Company, a defunct corporation whose shares had at one time been listed on the Salt Lake Exchange. This stock was worthless. Because of unpaid assessments large amounts of it had been acquired by Union as treasury stock. The participants in the scheme acquired control of Union through the purchase at nominal figures of much of its outstanding shares, revived it, and then transferred the treasury shares to another corporation, the Plymouth Oil Company, which they caused to be organized and whose few issued shares they owned or controlled. Plymouth in exchange transferred to Union certain interests in oil wells. These dealings could hardly have had any purpose other than to lend a fictitious appearance of worth to the stock of Union —already familiar to the public because of its former listing—with the thought ultimately of unloading it on the public at substantial gains to those engineering the plan. In the process of the manipulation progressively higher bids for the stock were

made—bids bearing no relation to the merits of the investment. The sole object of placing them was to induce a rise in the price of the Union stock. Other methods characteristic of manipulative schemes were employed, including the payment of a dividend by Union. The plan of necessity involved the use of the mails and instruments of communication in interstate commerce. Enough to say, without further analysis of the evidence, that the conspiracy charge was substantially proven.

Appellants were indicted in February of 1942 on the basis of transactions occurring in 1938 and 1939. The trial was not had until July of 1944. When the case was first called up for setting in June of 1942, an Assistant United States Attorney stated in open court that he had written for authority from the Attorney General to dismiss because he was convinced that the evidence at hand was insufficient to convict. Thereafter the case was continued several times. Except for one continuance on the court's own motion, the defendants at the various calendar calls either requested adjournments or consented to adjournments requested by the prosecution. At no time did they demand a trial. When the matter was finally set they moved for a dismissal on the ground that they had been deprived of the speedy trial guaranteed by the Sixth Amendment.

The constitutional guaranty of a speedy trial is a personal right which is waived by the accused's failure to demand trial. Pietch v. United States, 10 Cir., 110 F.2d 817, 129 A.L.R. 563, certiorari denied 310 U.S. 648, 60 S.Ct. 1100, 84 L.Ed. 1414; Daniels v. United States, 9 Cir., 17 F.2d 339, certiorari denied sub nom Appell v. United States, 274 U.S. 744, 47 S.Ct. 591, 71 L.Ed. 1325; Phillips v. United States, 8 Cir., 201 F. 259; Worthington v. United States, 7 Cir., 1 F.2d 154, certiorari denied 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475; Carter v. State of Tennessee, 6 Cir., 18 F.2d 850; O'Brien v. United States, 7 Cir., 25 F.2d 90. Appellants no doubt hoped and perhaps expected that the case would be dismissed but they had no assurance that the Department would authorize that action. They preferred, apparently, to take the chance rather than to press for a speedy trial. Had they adopted the latter course the court would presumably have set the case for hearing or in the alternative ordered its dismissal.

In appellants' brief other points are argued, relating to alleged infirmities in the form and return of the indictment and to claimed errors in the admission of evidence. We have examined them but are of opinion that they are of insufficient merit to warrant discussion.

Affirmed.