**UNITED STATES of America,
Plaintiff,**

v.

**Robert Ray PENLAND, Defendant.**

**Crim. No. 9436.**

United States District Court
D. Montana,
Great Falls Division.

June 24, 1969.

Moody Brickett, U. S. Atty., Butte, Mont., for plaintiff.

Shelton C. Williams, Missoula, Mont., for defendant.

## ORDER

RUSSELL E. SMITH, Chief Judge.

Defendant's motion to dismiss on the ground that he has been deprived of his right to a speedy trial is denied.

The indictment was filed February 2, 1968. At that time, as appears from defendant's affidavit, he was in custody in Wisconsin. In April, 1968 defendant was extradited to Nevada, and has been in the custody of the state of Nevada

since. The United States placed a hold order on defendant in November, 1968. In that month defendant wrote to the United States Attorney demanding that the case be dismissed or that he be given a speedy trial. The United States Attorney took no action as a result of this letter. On May 23, 1969 a motion to dismiss for failure to grant a speedy trial was filed with the clerk. This was the first indication to the court that federal custodial rights were being asserted. Until then there was nothing in the court file showing the existence of the hold order.

 The rule in the Ninth Circuit is that a defendant may waive his right to a speedy trial by failing to demand one. (Danziger v. United States, 161 F. 2d 299 (9 Cir. 1947); Collins v. United States, 157 F.2d 409 (9 Cir. 1946)). To whom should the request for trial be made? The United States Attorney may request that an arraignment or a trial be had at a particular time, but that right is no greater than the right of the defendant to make similar requests. Some remnants of an adversary system still remain in the criminal courts and the United States should not be faulted for failing to request that one of defendant's rights be granted when the defendant who had an equal opportunity to make the request, has failed to do so. The responsibility for calendar control lies with the Court and it is to the Court that requests for a speedy trial should be directed. It is the Court and not the United States Attorney who determines the time of trial.

The Court has noted that the demand rule, which has been adopted in this circuit, has been criticized. (See 8A Moore, Federal Practice, par. 48.04(1). Whatever the value of the criticism in ordinary circumstances, it would not justify a departure from the rule in a case where, as here, the defendant is incarcerated under another authority. The public interest might not be served in all cases by the speedy trial of persons in custody in other jurisdictions. Considerations such as the cost of trial, the period of the foreign incarceration and consequent aging of the defendant, the convenience of the defendant and the government might well indicate that a given case should not be pushed to trial. The public concern with a defendant already incarcerated is not quite the same as with one roaming the streets. If an incarcerated defendant will suffer because of a delay in the trial of his case he knows it. He should make his need for a speedy trial known to the authority with power to fix the trial date. Hence the delay is measured from May 23rd, 1969, the date when the Court was first advised that the United States was asserting custodial rights.

Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) does not apply here. In that case there was a substantial delay after a request to the trial court and in any event there was no dismissal of the charge.