UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Ray PENLAND, Defendant-
Appellant.

No. 25023.

United States Court of Appeals,
Ninth Circuit.

July 1, 1970.

Harry J. Delizonna (argued), San Jose, Cal., Robert Ray Penland, Carson City, Nev., for defendant-appellant.

Eugene A. Lalond (argued), Asst. U. S. Atty., Otis L. Packwood, U. S. Atty., James B. Patten, Wm. A. Brolin, Asst. U. S. Attys., Billings, Mont., for plaintiff-appellee.

Before HAMLIN, BROWNING and WRIGHT, Circuit Judges.

HAMLIN, Circuit Judge.

Robert Ray Penland, appellant herein, was found guilty of four counts of violation of 18 U.S.C. § 2314—interstate transportation of altered securities—on July 9, 1969, after a jury trial in the United States District Court for the District of Montana. His sole contention on appeal is that he was denied his Sixth Amendment right to a speedy trial.

The record shows that appellant was indicted in Montana on February 2, 1968, on four counts of violation of 18 U.S.C. § 2314, said violations alleged to have occurred on three occasions between December 7 and December 20, 1967. At the time of the indictment appellant was in state custody in Wisconsin. The United States Attorney in Montana learned of appellant's detention in Wisconsin, and appellant learned of the Montana federal charges. In March of 1968 the record and appellant's affidavit indicate that appellant "consented to a Rule 20 [F.R.Crim.P.] disposition of the charges here involved." The indictment was then forwarded to the United States Attorney in Wisconsin for the Rule 20 disposition. However, no such consent was executed by appellant. In April of 1968 appellant was extradited to Nevada and came into the custody of the warden of the Nevada State Prison. On November 20, 1968, the United States Attorney in Montana received a letter from appellant requesting dismissal of the charges or a speedy trial. There was apparently

no reply to appellant's letter, nor is there an explanation of this failure to reply. On May 20, 1969, appellant filed a motion in the District Court of Montana to dismiss the instant indictment for failure to grant him a speedy trial. Within two weeks thereafter the United States Attorney in Montana sought, and was granted, a writ of habeas corpus *ad prosequendum,* and the district court denied appellant's motion to dismiss. Upon appellant's conviction on July 9, 1969, he was sentenced to a term of four years on each count to run concurrently with each other but consecutive to his confinement in Nevada.

 Appellant did not testify at his trial, nor did he produce any witnesses on his behalf. Appellant's bare allegation of prejudice through his inability to recall his whereabouts on the dates in question is clearly insufficient to establish a violation of Rule 48(b) or the Sixth Amendment, particularly in light of his earlier statement *in the affidavit that* "he consented to a Rule 20 [1] disposition of the charges here involved." There was no showing of purposeful or oppressive delay, and appellant has made no *showing* of *actual prejudice.* Mull v. United States, 402 F.2d 571, 573 (9th Cir. 1968), cert denied 393 U.S. 1107, 89 S.Ct. 917, 21 L.Ed.2d 804 (1969). The mere delay of 17 months between indictment and trial, in the circumstances of this case, does not "itself demonstrate a violation of the Sixth Amendment's guarantee of a speedy trial." [2]

Affirmed.

1. A Rule 20 disposition of the case can only be made if the defendant enters a plea of guilty.

2. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). In *Ewell* the delay was 19 months. *Ewell* has not been overruled by Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), where actual prejudice was shown.

This court has affirmed convictions against similar Sixth Amendment challenge where the delay was 23 months from indictment to trial, York v. United States, 389 F.2d 761 (9th Cir. 1968),

and 22 months, Moser v. United States, 381 F.2d 363 (9th Cir. 1967), cert. denied 389 U.S. 1054, 88 S.Ct. 802, 19 L. Ed.2d 850 (1968). An eleven month delay between indictment and trial was characterized in Fleming v. United States, 378 F.2d 502 at 504 (1st Cir. 1967), as "very short."

In Hodges v. United States, 408 F.2d 543 (8th Cir. 1969), Judge (later Justice) Blackmun paraphrases *Ewell* by saying "the passage of something less than 18 months * * * does not of itself demonstrate a violation of the Sixth Amendment's guarantee of .a speedy trial." 408 F.2d at 549.