**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Alanson SNYDER, Defendant-Appellant.**

**No. 25296.**

United States Court of Appeals,
Ninth Circuit.

July 16, 1970.

Before CHAMBERS and MERRILL, Circuit Judges, and BYRNE,* District Judge

PER CURIAM.

This appeal is from a conviction for violation of the Mann Act, 18 U.S.C. §§ 2421, 2423.

The sole question is whether the District Court erred in denying appellant's motion to dismiss the indictment under Rule 48(b), Fed.R.Crim.P., on the ground that there had been unnecessary delay in bringing the charges before the grand jury. Seventeen months had elapsed between the time when commission of the offense was brought to the attention of the authorities (September, 1966) and the time when a complaint was signed (February, 1968). The Government justified the delay on the basis of its determination to proceed first with a related case and its belief that to proceed with both simultaneously might jeopardize the safety of the principal witness in both cases and unnecessarily confuse her as to the respective dates and places involved.

The District Court, in denying the motion to dismiss, found that the delay was not based on any sinister purpose and was not oppressive or unreasonable.

"[T]he right to a speedy trial guaranteed by the Sixth Amendment does not arise until formal complaint is lodged against the defendant." Benson v. United States, 402 F.2d 576, 579 (9th Cir. 1968). The applicable statute of limitations is normally a defendant's primary protection against a denial of due process caused by such delay. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Here, the District Court findings were not clearly erroneous and we agree that under the circumstances the delay did not amount to a denial of due process. See Benson v. United States, *supra*, 402 F.2d at 580–581. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970),

Douglas J. Shoemaker (argued), of Foley, Garner & Shoemaker, Las Vegas, Nev., for defendant-appellant.

William F. Cashill (argued), Asst. U. S. Atty., Bart M. Schouweiler, U. S. Atty., Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

* Honorable William M. Byrne, United States District Judge for the Central District of California, sitting by designation.

upon which appellant relies, is distinguishable. The critical—and unconstitutional—delay there was in bringing Dickey to trial after charges had been lodged against him. The arrest warrant was used as basis for formal detainer while Dickey was serving a federal sentence; Dickey was not brought to trial until almost eight years after the warrant had been issued.

Affirmed.