UNITED STATES of America,
Plaintiff,

v.

Dennis H. ERICKSON, Defendant.

Crim. No. A-39-70.

United States District Court,
D. Alaska.

April 29, 1971.

Kenneth Jarvi, Asst. U. S. Atty., for plaintiff.

Edgar Paul Boyko, Anchorage, Alaska, for defendant.

## MEMORANDUM OF DECISION AND ORDER

PLUMMER, Chief Judge.

On May 22, 1970, an indictment was returned charging defendant, an employee of Loomis Armored Car Service, Inc., with a violation of Title 18, United States Code § 2113(b). The indictment charged that on or about the 2nd day of May, 1969, the defendant wilfully and unlawfully took and carried away, with intent to steal and purloin from the National Bank of Alaska, Spenard Branch, Anchorage, Alaska (hereinafter referred to as the Bank), the deposits of which were then insured by the Federal Deposit Insurance Corporation, money in the amount of $20,000.00 belonging to the Bank.

On March 3, 1971, the defendant moved to dismiss the indictment in this case under the authority of United States v. Wahrer, 319 F.Supp. 585 (D. Alaska 1970).

Prior to the commencement of trial on March 15, 1971 a hearing was held on defendant's motion. At the close of

the hearing decision was reserved and counsel were given until 4:30 p. m. that day to submit certain documents referred to in argument but not included in the record, for in camera inspection by the court. It was ordered that any document submitted would be inspected by the court and would be made a part of the record and not be opened except by order of this court or the United States Court of Appeals for the Ninth Circuit.

By his motion to dismiss, defendant contends, in substance, that he was unaware that he was a suspect in the case until he was finally indicted and arrested on or about May 26, 1970. Accordingly, he had no reason to investigate or prepare a defense to the present charges. Thereafter, he hired an investigator in an effort to locate witnesses and to find out what had occurred. Based upon his own experience and the reports of the investigator, defendant, upon belief asserts that as a result of the lapse of a long period of time it was difficult, if not impossible, to reconstruct what occurred over a year prior to his indictment.

Defendant further asserts that witnesses who were interviewed appeared to be either hazy or uncooperative because of the passage of time; that one witness by whom he hoped to prove that he had a substantial amount of cash on hand before the money was stolen from the Bank could not be located; that defendant's investigator experienced great difficulty in interviewing employees or officials of the Bank or Loomis Armored Car Services, Inc. because personnel had changed in the interim, or because the prospective witnesses had been talked to by someone and either intimidated or turned against defendant or had simply decided because of the passage of time it would be wiser for them not to become involved.

Defendant also asserts that because of the delay in charging him he did not engage the services of an investigator until about June of 1970. Because of this, the work of his first investigator was not completed by October or November of 1970 when the investigator was required to leave Alaska because of illness. The investigator thereafter died on January 16, 1971 without having completed his investigation. That it was necessary for him to engage the services of another investigator, who only recently commenced his work [as of March 12, 1971]. That this investigator had reported that it was difficult for him to pick up the threads of the investigation and to get fresh information from potential witnesses.

After due consideration of the entire files and records in this case, the documents submitted by plaintiff and defendant for in camera inspection by the court, all evidence admitted during the ten day trial of the case, the arguments of counsel and being fully advised in the premises, the court makes and enters the following:

## FINDINGS OF FACT

1. On May 2, 1969, the sum of $20,-000.00 was taken and carried away from the Bank. The deposits of the Bank were insured by the Federal Deposit Insurance Corporation.

2. Between May 2, 1969 and April 29, 1970, a comprehensive investigation was conducted by the Anchorage Field Office of the Federal Bureau of Investigation (hereinafter referred to as the FBI), which included interviews or re-interviews of approximately 52 persons. The investigation extended into five states in addition to the State of Alaska and included extensive inquiry related to the financial resources and credit standing of numerous persons including the defendant. On April 29, 1970, the results of the FBI investigation were presented to the office of the U. S. Attorney at Anchorage, and on that date the presentation of this matter to a Grand Jury which was to convene on May 19, 1970 was authorized. An indictment was returned against defendant on May 22, 1970.

3. From May 2, 1969 until April 30, 1970, the investigation conducted by the FBI was carried under the title "Un-

known Subject." On April 30, 1970, the title of the investigation was changed to "Dennis H. Erickson."

4. On May 5, 1969, defendant was interviewed by the FBI. On or about August 4, 1969, the FBI received information that defendant on June 30, 1969 had paid the sum of $2,000.00 in twenty dollar bills as part payment for the purchase of a Winnebago Motor Home. On September 25, 1969, defendant was interviewed a second time by the FBI. He was advised that he was a suspect and was informed of the purpose of the interview. He was orally advised of his rights and was given an Advice of Rights form which he read and signed.

5. At the request of Loomis Corporation, defendant was interviewed and given a polygraph examination by the Alaska State Troopers on December 22, 1969. Prior to this interview and examination, defendant was given an Advice of Rights form which he read and signed.

6. On September 7 and 18, 1970, handwritten notes were made by defendant's first investigator. These notes relate to a review of a tape recording made by defendant and to an interview of Chuck Mc Cumber, an employee of Loomis. These notes do not substantiate the assertions made by defendant in his affidavit filed on March 12, 1971 in support of his motion to dismiss the indictment.

7. A copy of an FBI report dated May 13, 1969 which was in the file that defendant submitted to the court for in camera inspection, contained an account of an interview of Rubye Field by an agent of the FBI on May 5, 1969. This report accurately reflects the testimony given by Rubye Field when she testified as a witness on behalf of the defendant during the trial of the case.

8. A report dated September 19, 1970, is the preliminary, and apparently the only report submitted by defendant's first investigator to defendant's counsel. It is predicated upon the handwritten notes referred to in paragraph 6 above. This report clearly indicates that Mr. Norberg's sources of information were limited to his interviews with Mr. Mc Cumber and the defendant.

9. The following reports were submitted by defendant's second investigator:

Report No. 1—March 10, 1971
Report No. 2—March 12, 1971
Report No. 3—March 12, 1971
Report No. 4—March 12, 1971
Report No. 5—March 14, 1971

These reports establish that each person contacted by defendant's second investigator freely and fully imparted to him the information or knowledge that he possessed.

10. The only paper in the record that even remotely substantiates the assertions contained in defendant's affidavit of March 12, 1971 is an undated sheet of yellow paper from a legal tablet in handwriting that is not identified by the record. This paper contains the conclusionary statement that the following witnesses have left the state or [were] otherwise unavailable as of March 15, 1971. There is no factual basis in the record to establish this conclusion or to indicate that any effort was made to contact four of the six people listed. Defendant testified at the trial to the effect that one of the two remaining persons, the first person on the list, was contacted by long distance telephone in Nebraska, that his anticipated testimony was discussed with him, and that he in substance stated that he did not remember the defendant and that he did not recall anything about conversations allegedly held between them.

The second remaining person, and the sixth person on the list, was called as a witness by defendant on the trial of the case and gave testimony highly favorable to him.

11. The defendant took the stand as a witness in his own behalf and demonstrated a remarkable recollection of every minute detail of the events which occurred on May 2, 1969. Nearly every witness who testified for the government was unable to remember impor-

tant details which were vividly recalled and related by defendant.

12. On December 29, 1970, the court, *sua sponte,* entered an order setting this case .for trial on March 15, 1971. No request, application or motion was made by defendant or his counsel for an early or speedy trial prior to that date. No request, application or motion has been made by defendant or his counsel subsequent to that date to have the date of trial advanced.

■ The right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States does not arise until a formal complaint is lodged against the defendant. Benson v. United States, 402 F.2d 576 (9th Cir. 1968); United States v. Snyder, 429 F.2d 1242 (9th Cir. 1970); United States v. Halley, 431 F.2d 1180 (9th Cir. 1970).

■ The defendant has never filed an application, motion or other request for a speedy trial, nor has he in any way or manner indicated that he desired an early or speedy trial. Benson v. United States, *supra;* Collins v. United States, 157 F.2d 409 (9th Cir. 1946). Failure to assert a claim for a speedy trial is an acquiescence in the delay and a waiver of the right. Benson v. United States, *supra;* United States v. Fitzpatrick, 437 F.2d 19 (2d Cir. 1970); United States v. Lustman, 258 F.2d 475 (2d Cir. 1958). *See also* United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967); United States v. Roberts, 408 F.2d 360 (2d Cir. 1969); United States v. Parrott, 425 F.2d 972 (2d Cir. 1970).

■ The assertions made by defendant in his affidavit of March 12, 1971 with reference to the haziness or fading of the recollection or memory of prospective witnesses is a matter of speculation and conjecture. A mere assertion of the dimming of memory is not sufficient to establish a showing of prejudice. Olney v. United States, 433 F.2d 161 (9th Cir. 1970); United* States v. Fitzpatrick, *supra;* United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2d Cir. 1969);

United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963).

■ Defendant has the burden not only to assert the right to a speedy trial but to offer at least a plausible claim of prejudice or oppression by virtue of the alleged delay. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Chisum v. United States, 421 F.2d 207 (9th Cir. 1970).

■ Applying the foregoing principles of law to the facts of this case, the court concludes:

1. The investigation by the FBI was promptly commenced, diligently pursued and was completed on or about April 30, 1970.

2. After the investigation was completed, the results thereof were promptly presented to the Grand Jury and an indictment returned. No delay occurred after the government decided to prosecute and had sufficient evidence for arrest or indictment.

3. Defendant was fully aware as early as September 25, 1969 that he was suspected of committing the offense which occurred on May 2, 1969 and that he was being investigated therefor.

4. Thereafter, defendant made slight or little effort to investigate and prepare his defense. Eleven months after being advised that he was a suspect in the case, he employed his first investigator. Sixteen months from the time he was advised that he was a suspect and on the eve of trial in March of 1971, defendant employed his second investigator.

5. By his failure to apply, move or request a speedy trial, defendant has waived his right thereto and has acquiesced in any delay that may have occurred.

6. Defendant has not shown or established that he was prejudiced as a result of the alleged delay.

7. If, in fact, any delay occurred, it inured to the benefit of the defendant and to the detriment of the government.

8. Any claim or contention that the facts of the present case fall within the special facts and circumstances of United States v. Wahrer, *supra,* is frivolous and without merit.

Defendant's motion to dismiss the indictment is denied.