Willie Mae BARKER, Petitioner-
Appellant,

v.

John W. WINGO, Warden, Kentucky
State Penitentiary, Respondent-
Appellee.

No. 20662.

United States Court of Appeals,
Sixth Circuit.

May 20, 1971.

James E. Milliman, Cincinnati, Ohio (Court appointed), for petitioner-appellant.

George F. Rabe, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee; John B. Breckinridge, Atty. Gen., Frankfort, Ky., on brief.

Before WEICK, CELEBREZZE, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This case is an appeal from an order denying Willie Mae Barker's petition for a writ of habeas corpus. The question presented is whether appellant's Sixth Amendment right to a speedy trial was violated by the Commonwealth of Kentucky's five-year delay between indictment and trial. We hold that under the circumstances of this case appellant was not denied this constitutional right.

Appellant was indicted for the murder of Orlena Denton, one of two elderly persons who were beaten to death on September 15, 1958, and trial was originally set for October 21 of that year. The Commonwealth obtained 16 continuances which postponed the trial until October 9, 1963. During this entire five year period, appellant was represented by counsel. For about nine months after indictment, appellant was incarcerated; but from June 4, 1959, until his conviction in 1963, he was free on $5,000 bail.

Initially, the delay was occasioned by the Commonwealth's desire that the prosecution of appellant's alleged accomplice, Silas Manning, be first concluded. Apparently, the prosecution considered Manning's testimony essential to the prosecution of Barker. As counsel testified, Manning would have invoked his privilege against self-incrimination if he had been called to testify against Barker because he had not yet been tried and convicted of the two murders for which both had been indicted. Manning was eventually convicted of the two murders in separate trials concluded in March and December, 1962. Previous trials had resulted twice in hung juries and twice in reversals by the Kentucky Court of Appeals. Manning v. Commonwealth, 328 S.W.2d 421 (Ky.1959); id., 346 S.W.2d 755 (Ky. 1961). Ultimately, Manning testified for the prosecution at appellant's trial.

On February 12, 1963, appellant for the first time made objection to the delay of his trial and moved to dismiss the charges against him. The motion was denied, and shortly thereafter, on March 19, 1963, the Commonwealth asked for and was granted a further continuance because of the illness of a material witness, Sheriff McKinney, who had investigated the Denton murders. Appellant was tried and convicted by a jury in October, 1963, in the first term of court after the Sheriff recovered.

Barker's conviction was affirmed by the Kentucky Court of Appeals, despite his claim that he had been denied his right to a speedy trial. Barker v. Commonwealth, 385 S.W.2d 671 (Ky.1965). Appellant thereafter brought this action in the United States District Court for the Western District of Kentucky, which denied relief without an evidentiary hearing.

■ Whether delay between indictment and trial violates the constitutional right to a speedy trial depends upon the circumstances of each case. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); United States v. Ewell, 383 U.S. 116, 120–121, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Beavers v. Haubert, 198 U.S. 77, 86–87, 25 S.Ct. 573, 49 L.Ed. 950 (1904). The mere lapse of time is not enough to constitute a denial of speedy trial. Von Feldt v. United States, 407 F.2d 95 (8th Cir. 1969); Carroll v. United States, 392 F.2d 185 (1st Cir. 1968); United States v. Beard, 381 F.2d 325 (6th Cir. 1967). However, the length of time elapsed is obviously an important factor in determining whether this right has been violated. Here the total delay was five years. For four years and three months—from September 1958 to December 1962—the prosecution obtained continuances while it attempted to convict Manning. Appellant did not object to this delay until his motion to dismiss was filed on February 12, 1963.

■ We regard this motion to dismiss as a demand for a speedy trial,[1] but it is clear that the time before the motion was made should not be counted as part of the period of delay in determining whether the right was violated. United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); Kelley v. Kropp, 259 F.Supp. 417, 419 (E.D. Mich.1966).

The "demand rule"[2] provides that unless a defendant makes some attempt to resist postponement by the prosecution or demands immediate trial, he waives his Sixth Amendment right. United States v. Jones, 403 F.2d 498 (7th Cir. 1968); United States v. Perez, 398 F.2d 658 (7th Cir. 1968);

1. It would serve no good purpose to require defendant to file a formal demand for a speedy trial under these circumstances. The motion to dismiss made here is sufficient to meet the strict requirements of the "demand rule". Cf. United States v. Maxwell, 383 F.2d 437 (2d Cir.), cert.

denied, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1967).

2. See generally Annot., 129 A.L.R. 572, 587 (1940), 57 A.L.R.2d 302, 326 (1958), for a list of cases following the "demand rule".

United States v. Maxwell, 383 F.2d 437 (2d Cir.), cert. denied, Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1967) (5-year delay between mistrial of defendant and retrial does not violate the right to speedy trial where no demand was made); Moser v. United States, 381 F. 2d 363 (9th Cir.), cert. denied, 389 U.S. 1054, 88 S.Ct. 802, 19 L.Ed.2d 850 (1967); United States v. Hill, 310 F.2d 601 (4th Cir. 1962); Bruce v. United States, 351 F.2d 318 (5th Cir. 1965) (7-year delay did not violate right where no demand was made); Hastings v. McLeod, 261 F.2d 627 (10th Cir. 1968).

The rationale behind the demand rule is that the right to a speedy trial is intended to serve "as a shield for the defendant's protection but not as a sword for his escape." United States v. Maxwell, 383 F.2d 437, 441 (2d Cir.), cert. denied, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1967). An assumption seldom questioned in the corridors of criminal courts is that delay ordinarily favors the defendant. *But see* Dickey v. Florida, 398 U.S. 30, 49, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, J., concurring). Accordingly, when a defendant has counsel, his failure to request a speedy trial is understood to indicate that he prefers the limited restriction of bail to the possibility of the harsher restraint that may follow from conviction. Here, appellant may have thought his chances better if he silently accepted the many continuances sought by the prosecution to see if the Commonwealth would eventually convict Silas Manning. It was only after Manning was finally convicted that Barker sought a speedy trial.

■ Although a few recent cases and articles have suggested abandonment of the demand rule,[3] numerous courts have recently reaffirmed the rationale and vitality of this doctrine and have specifically refused to repudiate it. *See, e. g.,* United States v. Perez, 398 F.2d 658 (7th Cir. 1968); United States v. Maxwell, 383 F.2d 437 (2d Cir.), cert. denied, 389 U.S. 1043, 88 S.Ct. 786, 19 L. Ed.2d 835 (1967). We agree with the weight of federal authority,[4] and therefore we will consider only the period after February 12, 1963, in determining whether Barker's right to a speedy trial was violated. We hold that the remaining period of delay, from appellant's demand until the time he was brought to trial, October, 1963, was not unduly long. United States v. Ewell, 383 U.S. 116, 120–121, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).

More significantly, appellant has shown no prejudice resulting from this delay. There is no claim that during this eight-month period (or before) any witnesses became unavailable. Although appellant claims that certain defense witnesses' memories faded over the years, this assertion is not substantiated by the record. Appellant's witnesses testified with conviction and, in comparison with their testimony in the earlier

3. Dickey v. Florida, 398 U.S. 30, 48–50, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, J., concurring). United States v. Mann, 291 F.Supp. 268 (S.D.N.Y. 1968); United States v. Richardson, 291 F.Supp. 441 (S.D.N.Y.1968). *See also* Cohen, Speedy Trial for Convicts: A Reexamination of the Demand Rule, 3 Val.L. Rev. 197 (1969). The rationale for eliminating the demand rule is twofold. First, it seems harsh to demand that a defendant, particularly if free on bail, initiate a process which may result in a substantial loss of freedom. (Here, appellant could have been sentenced to death on conviction.) Few defendants will make such a demand except when the prosecution's case is weak or weakened, as by absence of a key prosecution witness— which may be grounds for denial of the motion.

Second, the Supreme Court in recent decisions has been moving toward a position that constitutional rights cannot be waived unknowingly or inarticulately. The demand rule, which interprets inaction as waiver, is in conflict with this trend. *See* Annot., *supra* note 2; Dickey v. Florida, 398 U.S. 30, 49–50, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, J., concurring).

4. *See* Annot., *supra,* note 2, and accompanying text.

Manning trials, without apparent mnemonic loss. Under these circumstances, appellant is not entitled to a discharge from custody. United States v. Ewell, 383 U.S. 116, 120–121, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2d Cir. 1969). The only reason for delay following the demand was the unavailability of a material witness, Sheriff McKinney, due to illness.[5] Immediately following the witness' recovery the trial was commenced and diligently prosecuted.

The judgment of the District Court is affirmed.

---

5. The unavailability of a key witness is usually held to be a valid reason for delay. *See, e. g.,* United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963) (delay of 43 months after indictment justified since witness resided in India and could not be compelled by the state to return in order to testify).