David Lee DELPH, Petitioner,

v.

A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 72-C-17-H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

May 8, 1972.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

David Lee Delph, proceeding under 28 U.S.C. § 2241, has petitioned this court for a writ of habeas corpus. Leave of court has been granted to proceed *in forma pauperis*. His state remedies exhausted petitioner has complied with the provisions of 28 U.S.C. § 2254.

The facts in this case are as follows. Petitioner and a friend on the night of August 5, 1965 hitch-hiked a ride from a passing sailor. After travelling for a few miles, petitioner and his companion at gunpoint forced the sailor to stop his car, whereupon the sailor was seriously shot by the friend. The pair then robbed their victim and stole his car. The two were arrested on August 18, 1965 for attempted murder and robbery. A preliminary hearing was held, and both men were thereafter indicted at the September, 1965 term of court on the two counts charged. Although trial was set for December 20, 1965, it was continued without rescheduling pending the outcome of medical examinations and observation at a state hospital during January, 1966. Petitioner returned from hospital confinement in March, 1966, his case was called on the docket in April, and trial was set for June 23, 1966.

On the day of the trial all necessary parties were present except the victim, who after discharge from the Navy, had moved several times and had been located only a few days prior to trial in De-troit. He had not been served with the proper papers which would command his attendance at the June trial and had apparently told the Detroit police that he did not plan to return to Virginia. The prosecution before the trial began moved for an order nolle prosequi which the court granted over the objections of the defendant.

Having no further Virginia suits pending against him, the petitioner was released into the custody of federal authorities for prosecution on a federal charge. He was tried, convicted, and sent to a federal prison outside Virginia. No further action was taken on the state charges until the January, 1968 term of the Winchester Corporation Court, when a new indictment was procured for petitioner's two 1965 offenses. Notice of the indictment was sent to him at his Illinois prison. In February, 1968 he notified his defense counsel that he desired to have a speedy trial on these matters.

A hearing was held in May, 1968 to determine the status of the case. The Commonwealth's Attorney moved that the case be continued because the petitioner was in an Illinois federal prison. Defense counsel moved the court to set the matter for trial. After arguments were heard for both sides, the Commonwealth withdrew its motion for a continuance and requested a date for trial far enough in advance to allow time to procure the petitioner. At this point defense counsel apparently withdrew his motion to set a date for trial and requested that the date not be set until the accused could be present. The following is the motion made before the trial court by defense counsel.

If the court please, I [defense counsel] think he has raised a question that whether or not it can be set in his absence, and although counsel [Commonwealth's Attorney] has moved, that the case be set, I think we may be on dangerous ground, and I don't know whether or not perhaps some order directing that he be produced in court pursuant to his request

so that the matter may be brought on in his presence.

Thus just prior to the order of the court, the Commonwealth's Attorney had moved that a trial date be set and defense counsel requested that the matter be postponed until it could be conducted in the petitioner's presence. The court did not set a trial date, but requested the Commonwealth's Attorney to begin proceedings to obtain custody of the petitioner.

No further court proceedings on the matter were held until the November, 1968 term of court at which time defense counsel was appointed for petitioner and the necessary writ was issued by the court to the proper federal authorities. While there was an allegation in the record that petitioner had in September again requested a speedy trial, the defense attorney, who had represented petitioner on his first indictment and at the May hearing made no mention of this fact, nor was there a request either for a speedy trial or that a trial date be set.

On April 10, 1969 the petitioner was returned to Virginia, immediately taken before the court, and arraigned. Having elected to try the two offenses separately, trial dates were set for May 29, 1969 and June 5, 1969. On April 17, 1969 motions to dismiss the case were heard and denied.

This petition for writ of habeas corpus alleges the following errors:

1) that the trial court erred in admitting and considering evidence of one witness concerning the identification of petitioner because he had been held by police and never given a police lineup,

2) that the trial court lost jurisdiction by releasing the petitioner to federal authorities,

3) that petitioner has been placed in double jeopardy,

4) that the petitioner was not afforded a speedy trial,

5) that the evidence produced at trial did not prove defendant's guilt beyond a reasonable doubt.

Petitioner first contends that not having been given a lineup, evidence given by one witness who identified him was wrongfully admitted and considered. According to 28 U.S.C. § 2254(d), any factual issue made by a State court of competent jurisdiction will be presumed correct. Eight exceptions are then listed as methods of rebutting this presumption. Unless one of the eight methods is employed then according to the language of § 2254(d) "the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous."

■ Petitioner has not based his first argument on any of the eight enumerated methods of rebutting the presumption, nor has he established by convincing evidence his allegation. The trial transcript reveals no objections made by defense counsel to any witness's identification of the petitioner. It reveals only that all witnesses, who did identify petitioner at his trial did so because they had either seen him or knew him. In the absence of substantial proof of this allegation, it must fail.

■ Irrespective of § 2254(d), this argument must fail for a second reason. Petitioner alleges that this error occurred with only one witness. The prosecution, however, had at least six other witnesses including the victim, who identified the petitioner in open court before the jury. At the very most, if this error did occur, it was not in the least prejudicial to his interests.

■ Petitioner's second claim of error relates to his release by Virginia authorities to federal authorities. He contends that by knowingly and voluntarily dismissing Virginia jurisdiction over him in a capital offense crime to the federal courts where he was charged with a lesser crime, Virginia has forever lost her right to proceed against him in this case. On this point petitioner has advanced no authority to support his contention. The necessity of determining this question based on statutes and

case law, however, is unnecessary. The point raised is not one that can be considered by a federal court. 28 U.S.C. § 2254(a) specifically states that a district court may entertain a writ of habeas corpus from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." By this section Congress has in effect incorporated the nonmonetary terms of 28 U.S.C. § 1331(a) for civil suits to review of state criminal prosecutions and procedure. Whether or not Virginia lost jurisdiction is a matter of state law exclusively. Rogers v. Peck, 199 U.S. 425, 26 S.Ct. 87, 50 L.Ed. 256 (1905); Storti v. Commonwealth, 183 U.S. 138, 22 S.Ct. 72, 46 L.Ed. 120 (1901); Booker v. Arkansas, 380 F.2d 240 (8th Cir.1967).

The third allegation of error raises the question of double jeopardy in violation of the Fifth and Fourteenth Amendments. While petitioner has not argued this point very aggressively, it appears that his theory is based on the reindictment of petitioner on the same offense as charged in his first indictment which had been nolle prossed.

In Virginia this order is still a common law procedure. The court in Rosser v. Commonwealth, 159 Va. 1028, 167 S. E. 257 (1933) was faced with the question. In that case the defendant waived a jury trial. After the prosecutor had begun to offer evidence before the court, the Commonwealth's Attorney entered a nolle prosequi to the indictment because he realized he could not prove his case. The case was dismissed without the defendant's consent. Upon being reindicted for the identical offense, he pleaded double jeopardy. The trial court denied his motion to dismiss, but the State Supreme Court reversed and held that

> after a trial has commenced the commonwealth's attorney, though he has the power, has not the right to terminate the prosecution without a verdict, and his refusal of record to further prosecute the indictment has the effect of, and amounts to, an acquittal

of the defendant, unless it is done with his consent.

The court proceeded to hold that the demarcation line determining when a nolle prosequi amounted to an acquittal commenced when the jury was sworn or in a trial without a jury when evidence was first offered before the court. Nolle prosequi before this point does not result in an acquittal. See Wortham v. Commonwealth, 5 Rand. (26 Va.) 669 (1827); Lindsay v. Commonwealth, 2 Va.Cas. 345 (1823).

According to the trial record no jurors were ever sworn. It appears that everyone except the victim was merely present. Mere presence at a trial of all necessary parties, however, does not under Virginia law attach the consequences of double jeopardy to the proceedings. Rosser v. Commonwealth, 159 Va. 1028, 167 S.E. 257 (1933). Petitioner's third contention must therefore fail.

The fourth question presented to this court for consideration is that petitioner here is asserting two rights. He asserts his right to a speedy trial as a citizen of Virginia under Art. 1, § 8 of the Virginia Constitution and the same right as a citizen of the United States under the Sixth Amendment of the United States Constitution.

The Supreme Court in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1966) held that the Sixth Amendment right to a speedy trial is so fundamental to our system of justice, that no state could deny this right to the people within its borders. It is in light of this case that petitioner's state constitutional contentions must be considered. Art. 1, § 8 of the Virginia Constitution has been supplemented by § 19.1–191 of the Virginia Code. This section has been held to be a legislative interpretation of what constitutes a speedy trial under the state constitution. Flanary v. Commonwealth, 184 Va. 204, 35 S.E.2d 135 (1945).

Under § 19.1–191 every person indicted for a felony and held in any court for

trial, whether or not in custody, must be discharged forever from prosecution if three regular terms of the Circuit Court or four regular terms of the Corporation or Hustings Courts in which the case is pending have gone by without a trial for a defendant unless trial could not be had for one of the following reasons: 1) because of a defendant's insanity or confinement for observation; 2) because a witness for the state has been indicted, sent away, or prevented from attending by sickness or accident; 3) because a defendant has been granted a separate trial at the request of a person indicted jointly; 4) because of a continuance granted on motion of the accused or because he has escaped from jail or failed to appear according to his recognizance; 5) because of the inability of the jury to agree; and 6) where the regular operation of the court or trial procedure has been suspended or in some way become impaired.

Commonwealth v. Adcock, 8 Grat. (49 Va.) 661 (1851) held that the exceptions set forth in what was then the equivalent of § 19.1–191 were not meant to be all inclusive, but that others of a similar nature were implied. At that time, however, the statute listed only two exceptions, those which are currently §§ 19.-1–191(1)–(2). The court in *Flanary*, however, while not citing or overruling *Adcock* may very well have achieved such a result when they enumerated the only defenses the prosecution could use to prevent the operation of § 19.1–191.

Although the rights under § 19.1–191 may be waived, petitioner argues that he did not waive them. Brooks v. Peyton, 210 Va. 318, 171 S.E.2d 243 (1969). Because of his February, 1968 demand for speedy trial, his contention is correct as of that time. The situation changed with the May, 1968 court session.

■ At this time a waiver of petitioner's rights under § 19.1–191 occurred. It was at this session that the Commonwealth's Attorney requested a continuance to which defense counsel objected and requested that a trial date be set. The Commonwealth's Attorney then withdrew his motion for a continuance and also requested that a trial date be set. Thereupon because petitioner was not present, his defense counsel requested that the court delay setting the trial date until he could be present. This latter motion was equivalent to a request for a continuance.

■ Under Virginia and Federal law, the right to a speedy trial may be waived if the defendant is aware of his right. United States v. Haili, 443 F.2d 1295 (9th Cir.1971); United States v. Penland, 300 F.Supp. 354 (D.C.Mont. 1969), aff'd, 429 F.2d 9 (9th Cir.1969); State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969), cert. denied, 398 U.S. 966, 90 S.Ct. 2179, 26 L.Ed.2d 549 (1970). In Virginia § 19.1–191(4) amounts to a waiver when defendant requests a continuance. No problem is presented because the accused was not present when the request for a continuance was made and granted under § 19.1–191. Kibler v. Commonwealth, 94 Va. 804, 26 S.E. 858 (1897). Petitioner was brought before the court in April, 1969 and tried in June, 1969. This time period is clearly within the statutory four terms of court.

Petitioner's argument must fail for a second reason. *Klopfer* merely made the right to a speedy trial applicable to the states. It did not prescribe any definite time limitations. Art. 1, § 8 is merely Virginia's version of the federal Sixth Amendment. Likewise § 19.1–191 is merely a codification of what the legislature deems to be a speedy trial under Art. 1, § 8. Unless § 19.1–191 is itself a violation of the Sixth Amendment because of its very terms so that the requisite federal question under 28 U.S.C. § 2254(a) is present, the federal courts cannot review the manner in which state courts chose to apply or even misapply their own statutes as long as such application or misapplication does not violate an individual's federal rights. Rogers v. Peck, 199 U.S. 425, 26 S.Ct. 87, 50 L.Ed. 256 (1905); Storti v. Commonwealth, 183 U.S. 138, 22 S.Ct. 72, 46 L.Ed. 120

(1901); Booker v. Arkansas, 380 F.2d 240 (8th Cir.1967).

■ The Virginia Supreme Court denied petitioner's petition for writ of habeas corpus. This denial constituted *at most* a determination that no violation of § 19.1–191 occurred in this case. Petitioner cannot claim in the federal court that the state Supreme Court misapplied its own law in the absence of showing a violation of a federal right under § 2254(a).

■ Petitioner is not precluded from asserting his federal rights in this court. If § 19.1–191 is itself a violation of an individual's rights under the Sixth Amendment, or if in spite of § 19.1–191, the time involved in this case deprived petitioner of his federal rights, these claims may be considered in federal court regardless of any state court's determination of them. While a state may determine the scope of its own laws and constitution, it cannot by decision curtail the application and scope of federal rights which pass down through the states to the people. Lunce v. Overlade, 244 F.2d 108 (7th Cir.1957). Petitioner has presented such a federal question to this court.

He argues that because of *Klopfer*, the use of nolle prosequi has been seriously curtailed, if not altogether abolished. The question involved in *Klopfer* was the ability of the state to indefinitely postpone without justification prosecution on an indictment and over the objection of the defendant who was thereby discharged from custody. Under North Carolina law nolle prosequi is statutory. In that state this order does not permanently end the proceedings on the indictment, but merely gives the prosecution an indefinite continuance of a trial. The indictment is not dismissed, and it may be reinstated on the trial docket either by the prosecutor or the court. While the Surpeme Court recognized that an accused person has no right to compel the state to prosecute him, nevertheless, the state has no right to keep an accused individual literally hanging in suspense for an indefinite period of time after an indictment has been returned.

As stated in United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966), the rationale for the Sixth Amendment is "[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself."

What disturbed the court in *Klopfer* was that the indictment was never dropped and because of this fact the court said:

The petitioner is not relieved of the limitations placed upon his liberty by this prosecution merely because its suspension permits him to go 'whithersoever he will'. The pendency of the indictment may subject him to public scorn and deprive him of employment, and almost, certainly will force curtailment of his speech, associations and participation in unpopular cases. By indefinitely prolonging this oppression, as well as 'the anxiety and concern accompanying public accusations,' the criminal procedure condoned in this case by the Supreme Court of North Carolina clearly denied the petitioner the right to a speedy trial. . . .

■ The Sixth Amendment is concerned with the time between an indictment or similar procedure, which sets in motion the wheels of justice, and a trial which is the ultimate goal of the system once in motion. The necessity for this safeguard as enumerated in *Ewell*, however, has no application to the preindictment, prearrest, prewarrant period, because the basic rights of the individual have not been tampered with. See Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1464, 26 L.Ed.2d 26 (1970); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 1 (1966); United States v. Ewell, 383 U.

S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).

■ An individual has no constitutionally protected right to have the state file charges against him or require that the state immediately seek another indictment where the first indictment has been nolle prossed. Hernandez v. Wainwright, 296 F.Supp. 591 (D.C.Fla.1969).

■ The Sixth Amendment right to a speedy trial does not begin until after the prosecution has been formally begun. McConnell v. United States, 402 F.2d 852 (5th Cir.1968).

■ It would seem that the common law order of nolle prosequi with leave, because of its close similarity with the North Carolina statutory nolle prosequi, by virtue of *Klopfer* does unconstitutionally deprive a citizen of his right to a speedy trial. With simple nolle prosequi as practiced in Virginia, however, an indictment does not continue indefinitely, nor can a new indictment be obtained without the court's approval and the requisite grand jury hearing. Wortham v. Commonwealth, 5 Rand. (26 Va.) 669 (1827); Lindsay v. Commonwealth, 2 Va.Cas. 345 (1823). Thus the unconstitutional deprivation of a citizen's rights which the court in *Klopfer* stated would result from the North Carolina procedure, cannot result in Virginia, because the stigma of an indictment has been ended just as surely as if there had been an acquittal. The law proscribes two trials on identical charges; it does not prohibit two indictments on the same charge.

■ It has been held that the right to a speedy trial only arises upon the demand for one. Short v. Cardwell, 444 F.2d 1368 (6th Cir.1971); Barker v. Wingo, 442 F.2d 1141 (6th Cir.1971); United States v. Snyder, 429 F.2d 1242 (9th Cir.1970); United States v. Erickson, 325 F.Supp. 712 (D.C.Alaska 1971); United States v. Sklaroff, 323 F.Supp. 296 (D.C.Fla.1971). However if a defendant is aware of this right, it may be waived. United States v. Haili, 443 F. 2d 1295 (9th Cir.1971); United States

v. Penland, 300 F.Supp. 354 (D.C.Mont. 1969), aff'd, 429 F.2d 9 (9th Cir.1970); State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969), cert. denied, 398 U.S. 966, 90 S.Ct. 2179, 26 L.Ed.2d 549 (1970). By his February letter petitioner claimed his right, and through his attorney he waived it at the May hearing.

■ Leaving aside the point of waiver, it does not appear that the seventeen month period between the time of the indictment and time of trial deprived petitioner of his constitutional right.

In *Ewell* the court held that a nineteen month period by itself did not violate the defendant's right to a speedy trial. It is well to note that in *Ewell* the defendants were within the court's jurisdiction for the entire nineteen month period. Nor was a twenty month period found to be undue. United States v. Skillman, 442 F.2d 542 (8th Cir.1971), cert. denied, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971).

■ The court has held that delays of seven years are violative of due process even though the defendant was in a federal prison outside the state. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). Mere lapse of time is not of itself determinative of the question, but the longer the elapsed time the greater is the presumption that the right to a speedy trial has been violated. Barker v. Wingo, 442 F.2d 1141 (6th Cir.1971). The court in *Ewell* set forth a test to be used.

. . . because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. . . . 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does

not preclude the rights of public justice.'

According to this test, the delay must have occasioned some harm to a defendant, such that his ability to defend himself has been diminished. See Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969); Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1966); United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed. 2d 627 (1966); Barker v. Wingo, 442 F.2d 1141 (6th Cir.1971); United States v. Skillman, 442 F.2d 542 (8th Cir. 1971), cert. denied, 404 U.S. 833, 92 S. Ct. 82, 30 L.Ed.2d 63 (1971); United States ex rel. Barber v. Hendrick, 315 F.Supp. 798 (D.C.Pa.1970). Contra Rutherford v. State, 486 P.2d 946 (Alaska 1971). Petitioner in the present case does not allege any injustices that have resulted from any delay. Nor does he allege that he was hindered in his ability to defend himself. The time interval itself does not seem unduly long or unreasonable considering the fact that the petitioner had to be brought into Virginia from a Missouri prison. While the prosecution may not have been as knowledgeable as petitioner might have desired in the methods of procuring federal inmates for trial before state courts and thus contributed to some of the delay, nevertheless this delay was minimal and there is absent any allegation of harm.

Petitioner's final contention is that the evidence does not support his conviction. While the sufficiency of the evidence by itself does not raise a federal question under § 2254(a), United States ex rel. Cunningham v. Maroney, 397 F.2d 724 (3rd Cir.1968), cert. denied, 393 U.S. 1045, 89 S.Ct. 663, 21 L. Ed.2d 594 (1969), suffice it to say that a reading of both trials reveals that there was sufficient evidence to prove beyond a reasonable doubt the guilt of petitioner.

Petitioner's writ for habeas corpus should be and hereby is denied.