## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

    v.

Daughton William Lacey

December 9, 1987

Case No. Cr. 5388

### By JUDGE ROBERT K. WOLTZ

Instead of more formal opinion, this memorandum is submitted in resolution of the motion of the defense to dismiss for lack of speedy trial. The motion is denied for the reasons appearing below.

At his preliminary hearing on a charge of murder, the defendant was held for grand jury action on March 3, 1987; he was indicted April 9th; on a motion filed April 22nd for psychiatric evaluation, an order was made April 23rd granting in part and denying in part this motion; May 14th motion by the defense to employ a private investigator for the defendant, who was indigent, was filed on which argument was heard May 21st and the court, because of the unusual nature of the motion, took the matter under advisement, and on June 8th by letter gave authorization to the defense for this purpose.

On May 23rd among other things, the case was set for trial with jury on August 5th, 6th, and 7th. The court, with the question of a speedy trial in mind, expressly asked when the defendant had been certified for grand jury action and asked if the defendant were incarcerated, which he was and had been. The court then indicated that the limit would be August 3rd under ordinary circumstances but the five-month period would not apply in view of the motion for psychiatric examination. See Transcript of

April 23rd proceeding pages 9 and 10, and also the conclusion of the matter at page 10:

> THE COURT: . . . Well in this Court, strictly as to the days assigned to this [Frederick County Circuit] Court, we will not have three days in a row until September, but I can make three days available by pre-empting a case. I can set it for August 5th, 6th, and 7th.

> MR. LARRICK [Defense Counsel]: That is agreeable with the defense, Your Honor.

On June 30th, the motion was filed by the other co-counsel for the defendant to withdraw as counsel. On July 9th after hearing, leave to withdraw was granted and substitute co-counsel was appointed. For some reason, the April 23rd order providing for a psychiatric evaluation was not sent by the clerk to the evaluator until July 10th. On July 16th, on motion of the defense on the ground that new co-counsel needed more time to familiarize himself with the case, it was continued for trial to September 24th, 25th, and 26th. On September 3rd, the defense filed a motion to dismiss for lack of speedy trial. On September 17th, the defendant again made a motion for a continuance on the ground original co-counsel had a case set for argument in the Supreme Court conflicting with one of the trial days. On September 24th, among other matters, new trial dates of December 10th and 11th were selected, and the speedy trial motion was continued for argument to October 16th, on which day argument was heard and the matter was taken under advisement.

In view of the decision reached, it will be unnecessary to decide whether defendant's request for psychiatric examination is a sufficient excuse for delaying trial beyond the five-month statutory period set out in Code Section 19.2-243, considering the inordinate time before the Clerk mailed a copy of the order to the evaluator.

Even though the defendant may have been held with respect to other charges, the five-month limitation on holding a trial still applies. *Knott v. Commonwealth*, 215 Va. 531 (1975). On the other hand, the statutory enumeration of acceptable causes for delay is not exhaustive

of all excusable causes. *Commonwealth v. Adcock*, 49 Va. (8 Gratt.) 661 (1851). Furthermore, the burden is on the Commonwealth to prove an excuse for failure to try a defendant timely. *Woodard v. Commonwealth*, 214 Va. 495 (1974).

1. A defendant has made out a *prima facie* case of denial of speedy trial when he shows that the statutory period has expired, and it is the duty of the prosecutorial office to obtain a trial date within the time of limitation. *Flanary v. Commonwealth*, 184 Va. 204 (1945). The defendant's silence or his failure to demand prompt trial is not a waiver of his speedy trial rights, and his "mere silence" does not estop him from claiming the benefits of the statute. *Id.* In this case, however, there was more than "mere silence." The court itself brought up the speedy trial problem in reference to a crowded docket and the difficulties in finding three consecutive days In order to speed the trial, other trial litigation was pre-empted. In this case, however, the speedy trial problem was broached by the court, difficulties of finding trial dates was discussed, and the court made special effort to give early trial dates commencing only two days after the five-month period (*see* Tr. of 4/23, pages 9 and 10). With that background, counsel for the defendant expressly agreed to the trial dates selected. This was more than failure to demand trial and more than "mere silence" by the defendant. Under the particular fact situation, it is my view that the defendant, nearly a month past the originally selected trial dates, was estopped from asserting his speedy trial rights with respect to those dates.

2. It was the defendant who, before those trial dates, requested a continuance because of withdrawal and substitution of counsel. The need for a continuance was justified and was no fault of the prosecution. The fourth ground of the statute exempting from its speedy trial requirements is, "By continuance granted on motion of the accused." The request by the defendant for a continuance acts as a waiver of his speedy trial rights. *Delph v. Slayton*, 343 F. Supp. 449 (W.D. Va. 1972), aff'd in part, vacated in part on other grounds, 471 F.2d 648 (4th Cir. 1973).

The usual situation with regard to waiver by requesting a continuance is where the trial date may have been within the statutory speedy trial time. Under the facts of the

present case, assuming that the original trial dates selected were beyond the statutory speedy trial time, I see no reason why the defendant's motion for a continuance beyond those dates does not likewise constitute a waiver with respect to them of his speedy trial rights. If the dates were beyond the mandated time, he could have awaited until the trial dates arrived and then made his speedy trial dismissal motion. Instead, he chose not to do it, and on his motion, trial dates even farther into the future were requested and granted. Hence he waived this defect, if it were such, and at a date subsequent, he is estopped from asserting the right.

3. On June 8th, the court granted counsel authority to employ a private investigator for the indigent defendant at public expense. One of the reasons cited by the defendant for a continuance beyond the original August 5th trial date, which motion was argued and granted July 16th, was that, as of that date, the investigator retained had not yet conferred with counsel, the first appointment not being scheduled until July 23rd, only thirteen days before trial was to commence. See Tr. at 7/16/87, page 5. Only on representations of the defense as to special circumstances and difficult investigatory problems did the court grant request for employment of a private investigator, as the defendant is not constitutionally entitled to one. See *Gray v. Commonwealth*, 233 Va. 313 (1987); and *Martin v. Commonwealth*, 221 Va. 436 (1980). That the defendant would have been able to make adequate use of his investigator in the limited time before trial is quite improbable. If the trial had been set two or more days earlier so as to fall within the speedy trial limits, undoubtedly a motion for a continuance would have been made and granted to allow effective use of the investigator.

It would have been likely an abuse of discretion to have denied the July 16th motion for a continuance on the ground that substituted co-counsel needed more time before trial to acquaint himself with the case and likely so because of the inability of the defendant to make use of his private investigator in time for trial. Neither of these problems was created by the prosecution. Speedy trial rights are fundamental, but defendants can be injured also by hasty trials. "A requirement of unreasonable speed would have a deleterious effect both upon the

rights of the accused and upon the ability of society to protect itself." *United States v. Ewell*, 383 U.S. 116 (1966).

The defendant has met with some difficulties in the case. The delay in effecting psychiatric examination is one. Some difficulty, as represented by defense counsel, occurred in getting granted discovery material from the Commonwealth. Nevertheless, the basic reasons that defendant requested a continuance beyond the originally scheduled trial dates do not include these two problems. Therefore, for the reasons stated above, the motion to dismiss for lack of speedy trial is denied.