**UNITED STATES of America,
Appellee,**

v.

**Vernon Earl HALLEY, Appellant.**

**No. 24974.**

United States Court of Appeals,
Ninth Circuit.

Aug. 3, 1970.

Rehearing Denied Sept. 14, 1970.

Vernon E. Halley, in pro. per.

Robert L. Meyer, U. S. Atty., Howard B. Frank, Asst. U. S. Atty., Robt. L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and THOMPSON, District Judge.*

PER CURIAM:

Vernon Earl Halley appeals from his conviction, on a jury verdict, of robbing a national bank on October 28, 1966, in violation of 18 U.S.C. § 2113(a) and (d). We affirm.

Defendant was not entitled to the assistance of appointed counsel during the period from the time he became a suspect, November 23, 1966, to the time the indictment was returned on the bank robbery charge, April 10, 1968.

Defendant was not denied his Sixth Amendment right to a speedy trial because of the seventeen-month time span between November 23, 1966, when he became a suspect, and the date upon

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

which the indictment was returned. This period of time was utilized, for the most part, in investigating the robbery and defendant's asserted participation therein. The charge was filed well within the statute of limitations. Halley does not show how he was prejudiced by this delay, nor does he show that the delay was due to oppressive or culpable Government conduct. *See,* Fleming v. United States, 378 F.2d 502 (1st Cir. 1967). *See also,* Benson v. United States, 402 F. 2d 576, 580 (9th Cir. 1968).

■ Defendant was not denied his Sixth Amendment right to a speedy trial because of the time which elapsed between the return of the indictment on April 10, 1968, and the commencement of the trial on January 21, 1969.

Halley was in custody on another charge at the time the indictment was returned. A writ of habeas corpus *ad prosequendum* was filed June 24, 1968. Halley was arraigned and pleaded not guilty on July 7, 1968. On July 15, 1968, he filed a motion to dismiss the indictment. Proceedings on this matter were completed on September 30, 1968, when the motion to dismiss was denied.

The trial was set for November 24, 1968. On that date Halley moved for the discharge of his counsel and for leave to proceed *in propria persona.* The motion was granted but the trial court appointed another attorney to act as Halley's advisor at the trial. The trial was then continued to January 14, 1969. On January 7, 1969, Halley moved for issuance of several writs to obtain the presence of witnesses. The trial finally commenced on January 21, 1969.

These pre-trial procedures were proper and none of them resulted in inexcusable delay. In addition, some of these procedures were initiated by defendant. Again, Halley has not shown how the delay prejudiced him. *See* United States v. Penland, 429 F.2d 9 (9th Cir. 1970).

■■ The district court did not err in ordering defendant to appear at a post-indictment lineup, where the lineup was not to take place if Halley's attorney was not present. Nor did the court err in admitting in evidence identification testimony based upon information obtained at the lineup. Halley's objections to the way in which the lineup was conducted do not indicate any infringement of the standards prescribed in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

The many other points raised by appellant on this appeal have been considered but we are not convinced that any of them entitle him to reversal of the judgment.