**UNITED STATES of America,
Plaintiff,**

v.

**Willie B. O'NEAL, Defendant.**

**No. CR72–684.**

United States District Court,
N. D. Ohio, E. D.

Oct. 26, 1972.

---

Edward S. Molnar, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

Clarence D. Rogers, Jr., Cleveland, Ohio, for defendant.

## MEMORANDUM

BEN C. GREEN, District Judge:

The prosecution has moved for an order "requiring the defendant [Willie B. O'Neal] to be clean-shaven when appearing in an identification lineup". At the present time the defendant, who is in custody having been unable to make bond, has a beard. Such an order is resisted by the defendant on the basis that it would be violative of his Fifth Amendment rights.

The Government's request is predicated upon the following state of facts, as-serted in an affidavit by the Assistant United States Attorney:

On September 12, 1972, two males, one black, the other white, entered the Lake County National Bank, Mentor, Ohio, posing as Brinks, Inc. guards and stole $315,000. The description of one individual by on-the-scene witnesses matches the description of the defendant, Willie B. O'Neal. In addition, this individual was described as clean-shaven.

Investigation has determined that prior to the incident in question defendant did have a beard and goatee. However, on September 25, 1972, a witness testified before a Federal Grand Jury in this District, that the defendant shaved off his beard and goatee some three to four days prior to the date in question.

There do not appear to be any reported decisions within the Federal courts on the precise factual situation presented herein. However, there are rulings which do bear on the general question of whether a defendant's constitutional rights protect him for a required change in physical appearance.

In Smith v. United States, 88 U.S. App.D.C. 80, 187 F.2d 192 (1950), the claim was advanced that the defendant's privilege against self-incrimination had been violated by his hair having been dyed black prior to his being presented to witnesses for purposes of identification. The Court rejected that argument, relying, in part, upon the language of the United States Supreme Court in Holt v. United States, 218 U.S. 245, 252, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910) that, "But the prohibition of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material."

The Fourth Circuit Court of Appeals had before it in United States v. Hammond, 419 F.2d 166 (1969), a conviction

on a charge of criminal contempt arising from the defendant's refusal to appear in a lineup. The Court held:

> On appeal, Hammond contends that the order requiring him to appear in a lineup wearing a [false] goatee violated his constitutional rights in that he would be denied due process of law and his privilege against self-incrimination; that the order was thus invalid and incapable of supporting his conviction for criminal contempt. We find this contention to be without merit.

id., p. 168.

In reaching the conclusion in *Hammond* that the proposed lineup did not violate any constitutional rights, the court looked to the decision in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In the *Wade* case, the Supreme Court found no violation of constitutional rights in a lineup in which all the participants were required to wear strips of tape on their faces in a manner corresponding to the described appearance of the persons who had committed the offense in question.

The Sixth Circuit Court of Appeals has recently had occasion to review the general question of the scope of the Fifth Amendment privilege against self-incrimination. United States v. Blank, 459 F.2d 383 (1972). The opinion in the *Blank* case makes it quite clear that the construction placed upon the leading Supreme Court decisions by the Court of Appeals stands for the proposition that the privilege against self-incrimination is limited to evidence of a testimonial or communicative nature.

Based upon the decision in United States v. Blank, supra, and taking into account the holdings in the *Wade, Hammond,* and *Smith* cases, this Court has concluded that the order which the Government seeks would not violate any of the defendant's constitutional rights. It is the Court's opinion that requiring the defendant to shave for the purposes of the lineup is consistent with the philoso-phy expressed by the Supreme Court in Holt v. United States, supra, that, as a part of a criminal proceeding, a defendant may be required to alter his physical appearance without infringing upon any constitutional guarantees.

The Government's motion will be granted.