**UNITED STATES of America, Plaintiff,**

**v.**

**William Fillmore CROUCH, Defendant.**

**Crim. No. S–79–157 LKK.**

United States District Court,
E. D. California.

Oct. 26, 1979.

---

Herman Sellas, U. S. Atty., Malcolm S. Segal, Chief Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

E. Richard Walker, Federal Defender, Robert M. Holley, Asst. Federal Defender, Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

KARLTON, District Judge.

The government seeks an order for a post indictment lineup. It asserts that the defendant has grown a beard subsequent to his arrest and that this change in his appearance will affect the validity of the lineup and accordingly seeks an order that he be clean shaven at the lineup. Defendant objects to the lineup and also asserts that in the event the Court orders such a lineup that the following precautions be taken: First, that the witnesses be shown a "blank lineup," that the defendant have an opportunity to interview the witnesses both before and after the lineup, that the defendant help prepare the lineup by specifying that various persons be placed in the lineup and that, as a protective matter since he has a distinctive limp, the defendant not be required to walk or that all persons in the lineup either be persons with a damaged leg or that they at least simulate a limp.

It appears relatively clear that the Court may order a post indictment lineup compelling the defendant to appear provided that the defendant's attorney is present. *U. S. v. Halley* (9th Cir. 1970) 431 F.2d 1180; *Doss v. U. S.* (9th Cir. 1970) 431 F.2d 601. Moreover, the act not being "testimonial" in nature, the defendant can be compelled to walk (*U. S. v. Wade* (1967) 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149). As Mr. Justice Douglas observed "of course an accused can be compelled to be present at the trial, to stand, to sit, to turn this way or that, and

to try on a cap or a coat." *Rochin v. California* (1952) 342 U.S. 165, 179, 72 S.Ct. 205, 213, 96 L.Ed. 183. Given *Wade's* requirement that an attorney be present at a lineup because it is a "critical stage of the proceedings," I can conceive of no distinction which would justify not permitting the United States to require the defendant to walk at the lineup.

 The question of the beard is somewhat more complicated. Although arguably a citizen's right to wear a beard implicates First Amendment considerations (see, e. g. *Calbillo v. San Jacinto Jr. College* (S.D.Tex.1968) 305 F.Supp. 857), for our purposes it appears to me that the appropriate standards are derived from *Schmerber v. California* (1966) 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. See also *United States v. Dionisio* (1973) 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67. And see particularly *Smith v. U. S.* (1950) 88 App.D.C. 80, 187 F.2d 192, 198, cert. denied 341 U.S. 927, 95 L.Ed. 1358, 71 S.Ct. 792. Accordingly, the defendant can be required to shave. However, as defendant has pointed out, many of the witnesses thought the bank robber had a moustache. Apparently the United States desires that he have no facial hair at the lineup. I do not understand the government's position. The issue, however, as to the legitimacy of the identification (if any) may simply be resolved at trial. For reasons that will become apparent later, I believe the government should be left to its own devices as to this issue.

 The next question which must be addressed is the right of the defendant to participate in the lineup for purposes of including participants who have a limp. Recently, the Supreme Court described the present state of the law as follows: "Such requests ordinarily are addressed to the sound discretion of the court, see *United States v. Ravich, supra,* at 1203 [(2nd Cir. 1970) 421 F.2d 1196]; we express no opinion as to whether the preliminary hearing court would have been required to grant any such requests." *Moore v. Illinois* (1977) 434 U.S. 220, 98 S.Ct. 458, 465–466, n. 5, 54 L.Ed.2d 424 n. 5.[1] It is my belief that a district court should hesitate to exercise such discretion. I suggest that in exercising whatever discretion it has the Court removes itself from its proper function and becomes enmeshed in the prosecution's fact gathering process and the defendant's trial tactics. Such does not appear to me to comport with the Court's proper role. Undoubtedly, the Court has a significant role to play after the lineup. It must insure that "tainted evidence" is not introduced into evidence. Such a role is very different than, in effect, actively supervising the lineup. The latter role is closer to the Court rendering an advisory opinion to the prosecution and defendant as to what procedure will pass constitutional muster.

In the final analysis the appropriate function of defense counsel in the lineup (and thus the Court on defendant's motion) turns upon the reasons advanced in *Wade* for the requirement of the presence of counsel at the lineup. *Wade* emphasized that providing counsel at this critical stage of the proceedings protects a defendant's right to a fair trial by providing a means by which witnesses against him might be meaningfully cross-examined.[2]

---

1. The Court's comment, although dicta, is of course an expression of the highest Court in the United States. I must, however, respectfully point out that *Ravich* dealt with a defendant's request for a lineup and not with his right to participate in the prosecution's lineup.

2. This Court has already observed that providing defense counsel with the necessary information in order to permit him to meaningfully cross-examine, might well be constitutionally required under the Sixth Amendment. See *U. S. v. Salsedo* (E.D.Cal.1979) Crim. S–79–123, 477 F.Supp. 1235. *Wade* is merely one further

demonstration that the Constitution may require discovery otherwise not required by statute. In *Salsedo* the Court was faced with the question of the right to effective counsel at the suppression hearing, and whether denying counsel discovery there might deny a defendant "effective representation by counsel at the only stage where legal aid and advice might help him." *U. S. v. Wade* (1967) 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and see *Massiah v. U. S.* (1964) 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246; *Escobedo v. Illinois* (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Here,

If the purpose of *Wade* is to provide discovery so as to insure meaningful cross-examination, then clearly defense counsel's appropriate participation in the lineup proceeding is as an observer only. He obtains the information necessary by being present and can then move to exclude the evidence because it was obtained in a lineup that was unduly suggestive, and thus violative of due process. *Foster v. California* (1969) 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402; *U. S. v. Wilkerson* (8th Cir. 1971) 453 F.2d 657. Various Courts of Appeal have apparently adopted this limitation upon the defense counsel's participation, suggesting the purpose of his presence is served by observation only. *Doss v. U. S., supra; U. S. v. Rich* (9th Cir. 1978) 580 F.2d 929. See also *Smith v. Paderick* (4th Cir. 1975) 519 F.2d 70; *U. S. v. Neverson* (D.D.C.1972) 463 F.2d 1224, and *U. S. ex rel. Raymond v. Illinois* (7th Cir. 1971) 455 F.2d 62.

Although it is true that the Ninth Circuit cases deal with the admissibility of the lineup testimony at trial after the failure of the government to permit defendant's participation in the preparation of the lineup, and are thus not dispositive of defendant's motion, by logical extension they appear to preclude such participation.

On the other hand, it has been suggested that the purpose of counsel is broader. *Wade* provides as an alternative explanation for its holding that the function of defense counsel is to protect the legal rights of the defendant in a setting approximating a trial-like setting. Obviously, this function can only be served by active participation of defense counsel. The Supreme Court has recently said "If an accused's counsel is present at the pretrial identification, he can serve both his client's and the prosecution's interests by objecting to suggestive features of a procedure before they influence a witness' identification [citation omitted]." *Moore v. Illinois, supra,* 98 S.Ct. at 462. However, it appears to me that providing the defendant with an opportunity to raise objections and make suggestions (which the Court in *Moore* appears to suggest law enforcement may ignore), is entirely different than, in effect, permitting the defendant to be involved in the creation of the lineup. In the final analysis a lineup, whether pre-indictment or post-indictment, is a part of the prosecution's evidence gathering process. *U. S. v. Ash* (1973) 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619. Because the state has committed itself to prosecution and the defendant finds himself "faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law" (*Kirby v. Illinois* (1972) 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411) and because a lineup involves "trial-like confrontations," the Sixth Amendment attaches. The Sixth Amendment attachment, however, does not provide counsel with the opportunity to interfere with the government's fact acquisition process. His presence may insure the existence of a factual basis for cross-examination and may, where the prosecution has not fixed on the defendant as a culprit, permit suggestions which will render the lineup less accusatory and more investigatory, but in the final analysis the lineup is a law enforcement tool. Law enforcement has the right to run the lineup as they choose, subject, of course, to the requirement that if in their zeal they breach canons of due process by an unduly suggestive lineup, their efforts will avail them nought. Justice Powell suggests that "Because it is in the prosecution's interest as well as the accused's that witness' identifications remain untainted [citations omitted] we cannot assume that such requests would have been in vain." *Moore v. Illinois, supra,* 98 S.Ct. at 465–466, n. 5. However much this notion runs athwart the realities of the adversary system, it at once suggests that the defense may suggest but may not require.

Accordingly, I find that the defendant's role does not contemplate his participation in the manner in which a lineup is conduct-

however, once the evidence has been obtained by presence at the lineup, counsel may seek suppression of the identity at a hearing for that purpose.

ed. Moreover, I believe that whatever discretion the Court has should be rarely exercised. The Court's proper role is, upon defendant's motion, to determine whether in fact the lineup was unduly suggestive and to take appropriate prophylactic steps at trial if it so finds.

 Defendant's request that he not be required to walk is also rejected. Defendant desires to keep from the witnesses his limp—but his limp is a "physical characteristic" which the defendant may be compelled to display. *U. S. v. Wade, supra* 388 U.S. at 222–223, 87 S.Ct. 1926.[3] We do not deal here with the revealing of a physical characteristic of such a personal nature that requiring its display would breach common notions of decency or privacy, (see *Rochin v. California, supra*) and no other justification to prevent law enforcement from requiring defendant to walk at the lineup is presented.

The defendant's request for a "blank" lineup is granted. The United States has, since the hearing, communicated with the Court indicating that it no longer opposes the defendant being granted a blank lineup. Accordingly, the Court will order such a lineup to precede the lineup that is sought by the United States. In doing so, the Court does not rule upon whether or not in the absence of the concession by the United States, the Court would have the power to order such a lineup. It may be that such a power derives from the Court's general powers to provide the defendant with a lineup when he requests one. See *U. S. v. Caldwell* (D.C.App.1972) 151 U.S.App.D.C. 84, 465 F.2d 669; *U. S. v. Ravich* (2nd Cir. 1970) 421 F.2d 1196; compare *Haskins v. U. S.* (10th Cir. 1970) 433 F.2d 836.

Finally we come to the defendant's motion to pre and post interview the witnesses. In the absence of a showing of a justification for a protective order, the defendant has the right to interview witnesses without the order of the Court. It appears, however, that what the defendant desires is that the Court order the witnesses to talk to the defense counsel or investigator. The Court is without power to require such interviews. The witnesses are free to talk to defense counsel or free to refuse to talk to defense counsel as they choose (see *U. S. v. Rich, supra*). Of course, a witness' refusal to talk to counsel may be brought out in trial in that it may be evidence which relates to the witness' possible bias. It goes without saying, however, in this regard that "[I]t is imperative that prosecutors and other officials maintain a posture of strict neutrality when advising witnesses of their duties and rights." *U. S. v. Rich, supra* at 934.

THE COURT ORDERS AS FOLLOWS:

1. The government's motion for lineup is granted;

2. The government's motion that defendant be clean shaven is granted;

3. Defendant's motion for a "blank" lineup to precede the government's lineup is granted;

4. The defendant's motion that he not be required to walk or that he participate in the selection of members of the lineup is denied;

5. The defendant's motion that witnesses be ordered to talk to defense counsel is denied;

6. The trial date and trial confirmation date heretofore set are vacated.

---

**3.** Of course, I do not mean to pass on the question of whether a due process violation occurs if defendant is the only person who limps in the lineup. Clearly, such a situation is unduly suggestive (*Royal v. Maryland* (4th Cir. 1976) 529 F.2d 1280). Whether under all the circumstances it constitutes a substantial likelihood of misidentification (*Manson v. Brathwaite* (1977) 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140) is an issue reserved for the hearing on defendant's motion to suppress the first (pre-indictment) lineup.