UNITED STATES of America, Plaintiff,

v.

Gregory VALENZUELA, Defendant.

No. CR 82–737–DWW.

United States District Court, C.D. California.

Dec. 9, 1982.

Stephen S. Trott, U.S. Atty. by Patricia L. Collins, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

James R. Dunn, Federal Public Defender by Yolanda Barrera Gomez, Deputy Federal Public Defender, Los Angeles, Cal., for defendant.

## ORDER

DAVID W. WILLIAMS, Senior District Judge.

The defendant, Gregory Valenzuela, has been indicted on two counts of bank robbery in violation of 18 U.S.C. § 2113(a), (d). Defendant now wears a large, bushy mustache and a small, rough goatee, which effectively cover his lower face. Surveillance photographs taken during the bank robberies in question show the perpetrator as clean shaven. The government has moved that Valenzuela be ordered to shave for trial to allow the jury and the witnesses to better compare the defendant's appearance with the surveillance photos.

Defendant objects to this motion, claiming that forcing him to shave would violate his First Amendment rights and his right to a fair trial. Valenzuela does not claim that the government's motion would violate his privilege against self-incrimination. *See United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973).

It is well established that a criminal defendant can be required to shave. *United States v. Lamb*, 575 F.2d 1310 (10th Cir.), *cert. denied*, 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978); *United States v. Crouch*, 478 F.Supp. 867, 869 (E.D.Cal.1979). Valenzuela argues that in all published cases ordering a defendant to shave, there was evidence that the defendant was clean shaven at the time his alleged crimes occurred. In the instant case, defendant asserts, there is no independent evidence regarding Valenzuela's facial hair at the time of the bank robberies.

At the hearing on the motion, the court observed the close physical similarities between Valenzuela and the clean shaven individual in the surveillance photographs. Both persons have crude tattoos on their inner forearms, both have comparable receding foreheads, and both have strikingly similar facial characteristics including identical wrinkles on the forehead and cheeks. This identity of appearance between Valenzuela and the individual in the photos is prima facie evidence that defendant was clean shaven at the time of the robberies, and merits ordering him to shave for trial.

Valenzuela next argues that his First Amendment right of free expression would be violated if he must shave. The court recognizes that an individual's personal grooming can be considered symbolic speech in certain circumstances. *Richards v. Thurston*, 424 F.2d 1281 (1st Cir.1970). On the other hand, the purpose of the government's motion is to permit a clear view of Valenzuela's face during trial, and is unrelated to the regulation of symbolic speech. Any restrictions of the defendant's First Amendment rights are, therefore, incidental and may be imposed if they are not greater than necessary. *Baldwin v. Redwood City*, 540 F.2d 1360, 1365 (9th Cir. 1976), *cert. denied*, 431 U.S. 913, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). Having the defendant shave is the only method by which the government can achieve its legitimate objective. Furthermore, the First Amendment should not provide a criminal defendant with the right to possibly disguise himself at trial.

Valenzuela finally asserts that requiring him to shave his beard and mustache would make the in-court identification procedures so inherently suggestive as to violate due process. *See United States v. Williams*, 436 F.2d 1166 (9th Cir.1970). Defendant's claim must be evaluated "in light of the totality of the surrounding circumstances" and will be upheld if the in-court identification would be "so unnecessarily suggestive and conducive to irreparable mistaken identity" as to amount to a denial of due process of law. *Allen v. Rhay*, 431 F.2d 1160, 1165 (9th Cir.1970), *cert. denied*, 404 U.S. 834, 92 S.Ct. 116, 30 L.Ed.2d 64 (1971).

**1120**

The court does not believe that allowing the jury and witnesses a complete view of Valenzuela's face is impermissibly suggestive. On the contrary, making the defendant shave could inure to his benefit. The chances of misidentification will be greatly reduced if the jury and the witnesses have a better opportunity to compare the defendant's appearance with the surveillance photographs. Moreover, the procedures for in-court identifications and the methods of viewing criminal defendants at trial are within the discretion of this court. *United States v. Williams, supra,* at 1168.

For these reasons, the government's motion to require the defendant to shave before trial is granted.