UNITED STATES of America,
Plaintiff-Appellee,

v.

Gregory H. VALENZUELA,
Defendant-Appellant.

No. 83–5018.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1983.

Decided Oct. 24, 1983.

**1432**

Patricia Collins, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Yolanda B. Gomez, Deputy Public Defender, Los Angeles, Cal., for defendant-appellant.

Before CHAMBERS, GOODWIN and ANDERSON, Circuit Judges.

CHAMBERS, Circuit Judge:

Appellant seeks reversal of two convictions for armed bank robbery arguing the district court erred in 1) failing to suppress the in-court identification of defendant by Lane, a bank teller, and 2) in granting the government's motion requesting defendant to be clean shaven at trial.

*I. Did the district court err in failing to suppress the in-court identification of defendant?*

The First Interstate Bank was robbed by a lone gunman who approached Lane, a bank teller. The robbery lasted three to four minutes and the gunman stood three feet from Lane. After the robbery, Lane described the gunman as a dark haired Mexican-American male, 5′9″ to 6′ tall, 140 pounds and in his mid-thirties. This description roughly matched the defendant except the defendant is 48 years old and apparently has a wrinkled face and is balding.

Approximately one and one-half months before trial, ten months after the robbery, Lane was shown a photographic line-up containing a seven year old picture of defendant wearing a mustache. Surveillance photographs at the bank showed the bandit to be clean shaven. Lane was unable to pick defendant as the robber and on cross-examination at trial said she thought she picked someone else and was told that was not the person the F.B.I. thought robbed the bank. During trial, Lane identified defendant as the robber but qualified her identification by saying defendant "looked like" the bandit.

Convictions based on in-court identifications following a pretrial identification by photograph will be set aside where the photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. *See Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *United States v. Barrett,* 703 F.2d 1076, 1084 (9th Cir.1983). At the pretrial identification, Lane was unable to pick defendant as the robber and perhaps picked someone else who was indicated to be the wrong person. Further, at trial she was unable to remember whom she did select. Given that, it is clear Lane's in-court identification was not tainted by the pretrial line-up.

Turning to the in-court identification itself, this court's review of the district court's admission focuses exclusively on the reliability of the identification since "[i]t is the likelihood of misidentification which violates a defendant's right to due process." *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). The in-court identification should be allowed where "[i]t can be said that the identification was 'the product of observations at the time of the crime' rather than the result of 'impressions made during the suggestive pretrial photographic identification process.' " *United States v. Hanigan,* 681 F.2d 1127, 1133 (9th Cir.1982) (quoting *United*

*States v. Field,* 625 F.2d 862, 866 (9th Cir. 1980)).

In assessing the reliability of the identification testimony, the Supreme Court has identified five factors among the totality of the circumstances this court must consider. They are:

1. [t]he opportunity of the witness to view the criminal at the time of the crime,

2. the witness' degree of attention,

3. the accuracy of the witness' prior description of the criminal,

4. the level of certainty demonstrated by the witness at the [pretrial] confrontation, and

5. the length of time between the crime and the [pretrial] confrontation.

*United States v. Barrett, supra,* 703 F.2d at 1085 (quoting *Neil v. Biggers, supra,* 409 U.S. at 199–200, 93 S.Ct. at 382–383). In applying these factors to the instant case, it is clear Lane had a long opportunity to view the criminal and was attentive as she was the subject of the robbery. Further, the description she provided was detailed and fairly accurate. Although she was unable to pick defendant out of the photographic line-up ten months after the robbery, this could be explained by the stale date of the photo used and the fact that defendant then had a mustache.

With respect to identification evidence, "the Due Process Clause protects solely an evidentiary interest [*Manson v. Brathwaite,* 432 U.S. 98, 113, 97 S.Ct. 2243, 2252, 53 L.Ed.2d 140 (1977)], an interest normally vindicated through the adversarial process of cross-examination, *id.* at 113–14 N. 14 [97 S.Ct. at 2252, 53 N. 14]." *Mata v. Sumner,* 696 F.2d 1244, 1254 (9th Cir.1983) (emphasis in original). The jury herein was advised of Lane's inability to select defendant from the photo spread and her failure to mention defendant's wrinkled face and balding condition when she described the bandit after the robbery. The admission of the in-court identification was not error.

## II. Did the trial court err in ordering defendant to shave before trial?

Surveillance photographs taken during both robberies showed the bandit to be clean shaven. A few days before trial defendant appeared with a full beard and mustache and the government requested the court order defendant clean shaven prior to trial. In granting his request, the trial judge compared the facial features, hair line, etc. of the defendant as he stood before the court with the photos and concluded they were substantially similar and ordered defendant to shave.

Defendant initially argues this order violated his Fifth Amendment privilege against self-incrimination. The Supreme Court, however, has long maintained that the Fifth Amendment extends only to self-incrimination which is testimonial in nature. The privilege does not prevent a defendant from being required to put on a piece of clothing, *Holt v. United States,* 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910), to put on a stocking mask, *United States v. Roberts,* 481 F.2d 892 (5th Cir.1973), to give a blood sample, *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1965), furnish handwriting exemplars, *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), to be compelled to walk, *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), or to wear a false goatee, *United States v. Hammond,* 419 F.2d 166 (4th Cir. 1969). Further, at least three courts have required a defendant to shave for identification purposes. See *United States v. Lamb,* 575 F.2d 1310 (10th Cir.1978); *United States v. Crouch,* 478 F.Supp. 867 (E.D. Cal.1979); *United States v. O'Neal,* 349 F.Supp. 572 (N.D.Ohio 1972). Defendant's Fifth Amendment argument is without merit.

Defendant next argues the order to shave created an overly suggestive in-court identification procedure. An in-court identification procedure will be grounds for reversal only where it was "so unnecessarily suggestive and conducive to irreparable mistaken identity that he was denied due

**1434**

process of law." *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). *See Allen v. Rhay,* 431 F.2d 1160 (9th Cir.1970). Here, requiring defendant to appear clean shaven and reveal his facial features so as to facilitate comparison to a photograph would seem to reduce the chance of misidentification instead of increase it.

■ Finally, defendant argues his First Amendment right of free speech was violated by the order. Courts have recognized that an individual's personal grooming can be considered symbolic speech. See *Richards v. Thurston,* 424 F.2d 1281 (1st Cir. 1970) (hair length). The government's request to have defendant shave, however, was unrelated to the regulation of speech.

> Incidental restrictions upon the exercise of the First Amendment rights may be imposed in furtherance of a legitimate governmental interest if that interest is unrelated to suppression of expression and is substantial in relation to the restriction imposed and if the restrictions are no greater than necessary or essential to the protection of the governmental interests.

*Baldwin v. Redwood City,* 540 F.2d 1360, 1365 (9th Cir.1976), *cert. denied,* 431 U.S. 913, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). See *Linmark Associates Inc. v. Township of Willingboro,* 431 U.S. 85, 91, 97 S.Ct. 1614, 1617, 52 L.Ed.2d 155 (1977); *Bayou Landing Ltd. v. Watts,* 563 F.2d 1172 (5th Cir.1977); *Verrilli v. City of Concord,* 548 F.2d 262 (9th Cir.1977).

As the district court held in the instant case, "[h]aving the defendant shave [was] the only method by which the government [could] achieve its legitimate objective. Furthermore, the First Amendment should not provide a criminal defendant with the right to possibly disguise himself at trial." *United States v. Valenzuela,* 551 F.Supp. 1118, 1119 (C.D.Cal.1982).

The decision of the district court is AFFIRMED.