967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Irvin COUNCE, Defendant-Appellant.
 No. 90-50588.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Irvin Counce appeals his conviction, following a jury trial for three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and three counts of knowingly using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Counce contends that he was denied due process of law because bank employees' identification testimony was tainted by an unduly suggestive pretrial photospread. He also contends that he received ineffective assistance of counsel during his trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Pretrial Photo Identification
 
 3
 Counce contends that the pretrial photospread was unduly suggestive and improperly tainted the bank employees' in-court identification. We disagree.
 
 
 4
 It is unclear in this circuit whether a district court's conclusion that a pretrial photospread was not unduly suggestive is reviewed de novo or for clear error. United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991). Except for United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989) (abuse of discretion), we have reviewed out-of-court identification procedures de novo. It is not necessary to resolve this issue on the present appeal, however, because the result would be the same under either standard. See Nash, 946 F.2d at 681.
 
 
 5
 "To determine whether an out-of-court identification procedure is so impermissibly suggestive as to taint subsequent identification testimony in deprivation of the defendant's due process rights, we examine the totality of the surrounding circumstances." Id. (citing United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, (1986)). "If we find that a challenged procedure is not impermissibly suggestive, our inquiry into the due process claim ends." Bagley, 772 F.2d at 492. Moreover, a photospread is not necessarily suggestive because of variances in the photographs. See United States v. Barrett, 703 F.2d 1076, 1085 (9th Cir.1983) (photospread not suggestive despite the fact the defendant was the only one wearing tinted glasses and suspect had been described as wearing dark glasses); United States v. Collins, 559 F.2d 561, 563 (9th Cir.) (photospread not suggestive despite variances in age, hair style and facial hair), cert. denied, 434 U.S. 907 (1977); see also United States v. Barron, 575 F.2d 752, 755 (9th Cir.1978) ("[i]t would be unduly burdensome to require police to find five or six very similar individuals for a lineup").
 
 
 6
 Here, Counce was convicted of robbing three banks: (1) California First Bank in Santa Monica, California on March 30, 1988; (2) Community Bank in Chatsworth, California on December 7, 1988; and (3) Hawthorne Savings and Loan ("Hawthorne Savings") in Torrance, California on March 28, 1989. Despite the fact that the robber wore a hat and sunglasses in each robbery, the bank employees were able to provide a fairly consistent description of him to Federal Bureau of Investigation ("FBI") agents. Generally, they described him as a light/medium complexion African-American male in his late twenties to early thirties, 6' to 6'3" tall, with a husky/stocky build, short black hair, and weighing 180 to 220 pounds. Only one of the bank employees described the robber's face as round (ER at 58). FBI agents showed eleven bank employees a six-person African-American male photospread and nine positively identified Counce as the robber.
 
 
 7
 Counce contends that the bank employees identified him because his photograph allegedly was the only one showing a "round face" and "light complexion" among the six photos. This contention lacks merit. We have examined the photospread and find that the shape of his face was not so unique to limit the choice to him. Moreover, only one of the nine witnesses, who positively identified him from the photospread, had described his face as "round" to the FBI. Accordingly, because Counce has not shown a substantial likelihood that the photospread resulted in a misidentification, the district court properly rejected the claim. See Bagley, 772 F.2d at 492.[1]
 
 II. Ineffective Assistance of Counsel
 
 8
 Counce contends that he was denied effective assistance of counsel by his trial counsel's failure to move for mistrial or request a new jury panel after an alternate juror informed the court that he had overheard a witness identify the defendant prior to jury selection. We decline to reach the merits of this contention.
 
 
 9
 "As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal. Such an issue is more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (citations omitted). The record lacks facts necessary to properly address his claim on direct appeal. See id at 789.[2]
 
 
 10
 We decline to review the effectiveness of Counce's trial counsel on direct appeal. The district court's finding regarding the pretrial photospread identification is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Counce also contends that the in-court identification testimony was unreliable because (1) the bank employees lacked the opportunity to observe the robber, thus resulting in poor descriptions and (2) the lengths of delay between the robberies and the bank employees' pretrial photospread identification: two months (Hawthorne Savings), five months (Community), and fourteen months (California First). This contention lacks merit. The bank employees had the opportunity to view Counce and gave sufficiently detailed descriptions of him. See United States v. Valenzuela, 722 F.2d 1431, 1432 (9th Cir.1983) (sufficient description where bank teller described the robber as "Mexican-American male, 5'9 to 6' tall, 140 pounds and in his mid-thirties"). Although in the most extreme case fourteen months passed between the robbery and photospread identification, the original descriptions the bank employees gave to the FBI accurately matched the Counce's photograph which the witnesses later identified in the photospread. Thus, the in-court testimony was not tainted by the elapsed months between the respective robberies and photospread identification. See id. at 1432-33 (considering bank teller's identification ten months after an initial observation of a crime to be reliable); see also Neil v. Biggers, 409 U.S. 188, 201 (1972) (rape victim's showup identification of the defendant seven months after the offense was reliable because she made no previous identification at any of the showups, lineups or photographic showings)
 
 
 [2]
 Counce's appointed counsel, Judith Rochlin, Esq., has filed a motion entitled "Second Motion To Withdraw as Counsel; and have New Counsel Appointed; Motion to File Appellant's Supplemental Brief; Motion to Withdraw Appellant's Opening Brief." In addition, Counce signed a consent form requesting that new counsel be appointed. We have examined the motion and request, and now deny them. "An indigent defendant is entitled to appointed counsel, but not necessarily to appointed counsel of his choice." United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 n. 2 (9th Cir.1991); see also United States v. Robinson, No. 90-10433, 90-10470, slip op. 6667, 6681 (9th Cir. June 15, 1992) (defendant failed to show that he had a right to specific appointed counsel or that present appointed counsel tainted his appeal)
 Counce complains that his appointed counsel has neither accurately described the facts underlying his appeal nor adequately presented all available claims. He filed a 155-page supplemental brief asserting among numerous other contentions that: (1) false testimony was presented at trial; (2) the men in the photospread were not clean shaven because one had a beard and another had a mustache, thus contradicting statements in the government's brief; (3) the indictment was invalid because it failed to allege a violation of the United States Code; and (4) the name of his trial counsel and the prosecutor were prejudicial to him receiving a fair trial.
 Counce's contentions are either factually inaccurate or frivolous. Appointed counsel has provided Counce with adequate and fair representation and his complaints lack merit.