50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Tyler SMITH, Defendant-Appellant.
 No. 94-10190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided March 6, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Tyler Smith appeals his conviction on six counts of armed bank robbery. We have jurisdiction and affirm.
 
 FACTS
 
 3
 Between February and August of 1993, FBI agents identified Smith as a suspect in a series of armed bank robberies. Cooperating with the FBI, the Chandler Police Department offered a reward for information leading to Smith's arrest. Police soon received two tips leading them to believe that Smith was with a man named Art Lopez in a red Ford Pinto station wagon. After confirming that a red Pinto was parked in front of Lopez's house, police set up surveillance in the area.
 
 
 4
 When the Pinto left Lopez's house, a police detective followed in his unmarked car and notified a marked patrol car in the area to assist. When the marked car came into view, the detective saw the passenger in the Pinto duck his head down. The detective informed the patrol officer of the passenger's movement, and the officer turned on his emergency lights and siren to stop the Pinto. Smith, found crouched in the car's passenger compartment, was arrested. In the search made incident to Smith's arrest, police found $3,800 in $100 bills in the pocket of Smith's pants.
 
 DISCUSSION
 
 5
 * Smith claims that the district court erred by ordering him to shave his moustache for trial. We disagree.
 
 
 6
 In United States v. Valenzuela, 722 F.2d 1431 (1983), we upheld a district court order requiring the defendant in a criminal trial to shave his beard and moustache for trial because surveillance photographs taken during the commission of the charged offenses showed the perpetrator to be clean-shaven. We held that the order implicated neither the defendant's Fifth Amendment privilege against self-incrimination nor the First Amendment, and we also rejected the defendant's argument that requiring him to shave created an overly suggestive in-court identification procedure. Id. at 1433, 1434.
 
 
 7
 Smith's attempt to distinguish Valenzuela is unavailing. He argues that his mustache was consistent with the tellers' descriptions of the bank robber, whereas in Valenzuela, surveillance photographs of the robberies showed a clean shaven perpetrator. However, surveillance videos and photographs of the robberies did not show a mustached robber, and seven of the eight teller witnesses described the robber as either clean shaven or slightly unshaven. As in Valenzuela, "requiring the defendant to appear clean shaven and reveal his facial features ... would seem to reduce the chance of misidentification instead of increase it." Id. at 1434. Moreover, the district court made an effort to mitigate any possible prejudice to Smith by permitting him to introduce into evidence photographs of himself with a moustache. Smith did not avail himself of the opportunity.
 
 II
 
 8
 We also reject Smith's claim that police lacked an articulable, reasonable suspicion to stop Lopez's Pinto. Smith concedes that police had probable cause to arrest him when they stopped the Pinto, but maintains that the police lacked a reasonable basis for suspecting that he was inside the car.
 
 
 9
 In determining whether police had reasonable suspicion to support the stop, we consider all of the events occurring before Lopez's Pinto stopped in response to the patrol officer's emergency lights and siren. See California v. Hodari D., 499 U.S. 621, 625 (1991); United States v. Santamaria-Hernandez, 968 F.2d 980, 982-83 (9th Cir.1992). By that time, police had received two tips which, taken together, strongly suggested that Smith was with Art Lopez in a red Ford Pinto station wagon. Police went to Lopez's house and saw a red Ford Pinto station wagon parked in front. Later, after the Pinto had left Lopez's house, the passenger ducked when he saw a marked patrol car headed his direction. The totality of circumstances created more than sufficient justification for the stop.
 
 III
 
 10
 Smith maintains that, even if the police had reasonable suspicion to stop the Pinto, the district court should not have admitted into evidence the fact that he was carrying $3,800 in cash when he was arrested, because his possession of the cash was substantially more prejudicial than probative. This argument is meritless in light of our repeated holdings that a defendant's unexplained possession of a substantial sum of money is relevant to the proof of a crime for which pecuniary gain is the motive. E.g., United States v. Bloch, 696 F.2d 1213, 1216 (9th Cir.1982); Sidders v. United States, 381 F.2d 513, 515 (9th Cir.1967); Lewis v. United States, 373 F.2d 576, 578 (9th Cir.1967); Lyda v. United States, 321 F.2d 788, 790 (9th Cir.1963). The evidence was especially probative in light of Smith's unemployment in the months preceding the robberies.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3