110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gathel A. BEATON, Defendant-Appellant.
 No. 96-50139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided March 26, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm Gathel Beaton's conviction.
 
 
 4
 Beaton waived his right to challenge the eyewitness identifications because he did not move to suppress them before trial nor object to their admission during the trial. See Fed.R.Crim.P. 12; see also United States v. Obiukwu, 17 F.3d 816, 820 (6th Cir.1994).
 
 
 5
 The district court did not abuse its discretion by limiting the testimony of Beaton's eyewitness expert. Although Beaton made a threshold Daubert showing, the district court retained discretion to limit the expert testimony to avoid wasting time or confusing the jury. See United States v. Hicks, No. 95-30342, slip op. at 15955 (9th Cir. Dec. 24, 1996). Cross-examination of eyewitnesses is an equally efficient method of attacking their testimony. United States v. Ginn, 87 F.3d 367, 370 (9th Cir.1996).
 
 
 6
 The district court did not enhance the risk of mistaken identity by requiring Beaton to shave his mustache. On the contrary, ordering Beaton to appear at trial clean-shaven reduced, rather than increased, the chance of misidentification. See United States v. Valenzuela, 722 F.2d 1431, 1433 (9th Cir.1983). Before the district court ordered Beaton to shave, the court examined Beaton's arrest photo, taken less than a week after the last robbery, which showed Beaton to be clean-shaven. The district court could reasonably infer that if Beaton was clean-shaven a few days after the last robbery, he had been clean-shaven at the time of the robberies. Beaton offered no evidence to contradict this inference.
 
 
 7
 Beaton contends that because the jury heard one eyewitness testify that the robber "possibl[y]" had a mustache, (3 RT 740-41), the jury could have believed Beaton shaved to disguise his appearance.[1] Eleven of the thirteen eyewitnesses testified the robber was clean-shaven or expressed no opinion about his facial hair, and the surveillance pictures depicted a clean-shaven robber. Because the weight of the evidence suggested the robber was clean-shaven, the district court's order lessened the risk the jury would believe Beaton had attempted to disguise his appearance.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Another witness testified she did not remember telling the police that the robber had a mustache. (3 RT 717.)