OPINION OF THE COURT
Leonard P. Rienzi, J.
The People have moved for an order compelling the indicted defendant to stand in a corporeal lineup. Defendant opposes a “traditional” lineup but consents to a “double blind and sequential” lineup. The People oppose the type lineup suggested by defendant and argue that the court lacks the authority to order particular types of identification proceedings.
In a “traditional” lineup, the eyewitness simultaneously views a pool of approximately six individuals, each wearing a number. In a “sequential” lineup, the eyewitness views the members of the pool, one at a time. In a “double blind and sequential” lineup, the law enforcement officer conducting the *631 sequential lineup does not know which member of the pool is the suspect. Defendant argues for “double blind and sequential” based on recent psychological studies suggesting that in such lineups it is less likely that mistaken identifications will occur.
At the outset, it must be noted that a defendant in a criminal proceeding has no constitutional right to be placed in a lineup. (People v Simpson, 125 AD2d 347 [2d Dept 1987].) Whether the prosecutor elects to meet his burden of proof through a showup, photo array, corporeal lineup, or none of the above, rests within the sound discretion of the prosecutor. Thus, defendant, who has no constitutional right to any lineup, argues that he has the right to the particular type lineup chosen by his attorney.
There is one issue before the court when the prosecutor seeks to place a defendant in a lineup at which he will be represented by his attorney. The issue relates to the constitutional basis for “seizing” the body of the defendant and compelling him to stand in the lineup. The basis is probable cause to believe the defendant committed the crime for which the lineup is being sought. (CPL 240.40 [2]; Matter of Abe A., 56 NY2d 288 [1982].) It is the court’s obligation to scrutinize the People’s assertion of probable cause, to consider any defense arguments relating to probable cause, and to make a finding whether there is a constitutional basis for “seizing” the body of defendant and placing him in a lineup. Once the lineup is conducted, if the People seek to introduce the results of the lineup at defendant’s trial, the court, on motion of the defendant, assumes a further obligation: to determine whether the lineup was so “unduly suggestive” that it may lead to irreparable mistaken identification. (People v Chipp, 75 NY2d 327, 335 [1990].) The defendant in the instant case has been indicted by the grand jury for the crimes for which the lineup is sought. He does not challenge the legal basis to compel him to stand in a lineup. Nor does he argue that “traditional” lineups are unconstitutional per se. Such argument would be unavailing. (People v Chipp, 75 NY2d 327, 335, supra.) Instead he argues that there may be a better way, namely, “double blind and sequential.”
Courts are not supervisors of the day-to-day operations of the police and district attorney. (See, Illinois v Lafayette, 462 US 640 [1983].) If a defendant’s constitutional rights are violated during an identification proceeding, the court’s role is to suppress the evidence and its fruits. If the particular procedure employed by the police or prosecutor does not violate defendant’s constitutional rights, the court has no role. In *632 United States v Crouch (478 F Supp 867 [ED Cal 1979]), defendant, who had a pronounced limp, sought an order to compel the prosecution to conduct a lineup with fillers who limped. He also sought a “blank lineup” and witness interviews before and after the viewing. Defendant’s application was denied. The court stated:
“[I]n exercising whatever discretion it has the Court removes itself from its proper function and becomes enmeshed in the prosecution’s fact gathering process and the defendant’s trial tactics. Such does not appear to me to comport with the Court’s proper role. Undoubtedly, the Court has a significant role to play after the lineup. It must insure that ‘tainted evidence’ is not introduced into evidence. Such a role is very different than, in effect, actively supervising the lineup. The latter role is closer to the Court rendering an advisory opinion * * * as to what procedure will pass constitutional muster.
“[I]n the final analysis, the lineup is a law enforcement tool. Law enforcement has the right to run the lineup as they choose, subject, of course, to the requirement that if in their zeal they breach canons of due process by an unduly suggestive lineup, their efforts will avail them nought.” (United States v Crouch, supra at 869-870.)
The issue is not whether the prosecutor chose the most fair option available. The issue is whether the option chosen violated the constitutional rights of the defendant. (See, People v Chipp, 75 NY2d 327, supra.)
Defendant would have the court micromanage the lineup to be conducted by the District Attorney.* Rather than merely ruling on whether the defendant’s constitutional rights were violated by the procedure, defendant would have the court substitute its judgment for that of the prosecutor concerning the conducting of the lineup. This court sees no legal basis for *633 such unwarranted intrusion upon the discretionary action of the District Attorney.
The People’s motion to compel defendant to stand in a lineup is granted.
Defendant’s motion for an order directing a “double blind and sequential” lineup is denied.

 Once the judge assumes the role of lineup supervisor, where does the court’s role end? Does it end with selecting the type of lineup, or does it continue as the lineup is being conducted? Will the court decide before the lineup that there will be 10 rather than 5 fillers? Will the court order that all fillers be a certain height, weight, age, build? See, for example, People v Franco (NYLJ, July 5, 2001, at 20, col 5 [Sup Ct, Bronx County, Barrett, J.]) in which defendant submitted a nine page proposed order for a “double blind and sequential” lineup, containing 55 specific directives concerning how the lineup was to be conducted.