967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando GARIBAY-BRAVO, Defendant-Appellant.
 No. 90-50116.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Garibay-Bravo appeals from his conviction, following a bench trial, for prison escape in violation of 18 U.S.C. § 751. Garibay-Bravo contends that the district court erred by denying his motion to dismiss the indictment because the delay between his arrest and the filing of the indictment, and the delay between the indictment and his initial trial date, taken together, violated his right to a speedy trial under the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Background
 
 3
 On November 4, 1971, Garibay-Bravo began serving a three year term of imprisonment for controlled substance violations. On September 23, 1972, he escaped from the Federal Prison Camp in Lompoc, California. On October 8, 1987, Deputy United States Marshals and local authorities, acting on the tip of a confidential informant, arrested Garibay-Bravo in Ontario, California, for escape and state drug trafficking charges. Authorities sent Garibay-Bravo to the Federal Correctional Institution on Terminal Island to complete his original sentence. On March 23, 1988, the United States Marshal lodged a federal detainer against Garibay-Bravo, in anticipation of a prison escape charge. Subsequently, Garibay-Bravo was transferred to the San Bernardino County Jail and arraigned on the state drug trafficking charges. On April 21, 1988, Garibay-Bravo, through his state-appointed counsel, wrote a letter to the United States Attorney, the District Court, and the Federal Public Defender, requesting that a federal public defender be appointed and that he be taken before a federal magistrate on the escape charge. On May 27, 1988, Garibay-Bravo was indicted on the federal prison escape charges. He was tried and convicted on January 16, 1990.[1]
 
 I. Pre-Indictment Delay
 
 4
 Garibay-Bravo contends that an eight month delay between his arrest and the filing of the indictment violated his right to a speedy trial under the Sixth Amendment. This contention lacks merit.
 
 
 5
 "We review for abuse of discretion the [district] court's denial of the motion to dismiss [an indictment]" for pre-indictment delay. United States v. Sherlock, Nos. 87-1299, 87-1300, slip op. 4569, 4666 (9th Cir. April 27, 1992).
 
 
 6
 Generally, the Sixth Amendment's speedy trial clause does not apply to pre-indictment delay. Arnold v. McCarthy, 566 F.2d 1377, 1381-82 (9th Cir.1978); United States v. Romero, 585 F.2d 391, 398 (9th Cir.1978), cert. denied, 440 U.S. 935 (1979). Relief for excessive pre-indictment delay is afforded by the due process clause of the Fifth Amendment. United States v. Simmons, 536 F.2d 827, 830 n. 9 (9th Cir.), cert. denied, 429 U.S. 854 (1976).[2] "But once a person becomes 'accused' the more stringent requirements of the Sixth Amendment speedy trial right apply. One becomes 'accused' when there is 'either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge....' " Romero, 585 F.2d at 398 (alteration in original) (quoting United States v. Marion, 404 U.S. 307, 320 (1971)).
 
 
 7
 Here, although Garibay-Bravo was arrested in October, 1987, he was not "accused" for purposes of the speedy trial clause under the Sixth Amendment until he was indicted for the escape charges in May, 1988. See Romero, 585 F.2d at 398-99; Arnold, 566 F.2d at 1382. Even though he was in custody on the prior federal offense and a state drug trafficking charges during much of this time, "the period prior to arrest or formal indictment is expressly not protected by the speedy trial provisions." See Arnold, 566 F.2d at 1382. A federal prosecution did not begin until Garibay-Bravo was indicted on the escape charge. See Romero, 585 F.2d at 398-99. Therefore, we hold that Garibay-Bravo's constitutional right to a speedy trial was not violated during the pre-indictment delay. See id. at 399; Arnold, 566 F.2d at 1382.[3]
 
 II. Post-Indictment Delay
 
 8
 Garibay-Bravo also contends that a 14-month delay between his indictment and his initial trial date violated his right to a speedy trial under the Sixth Amendment. This contention lacks merit.
 
 
 9
 We review for abuse of discretion the district court's denial of a motion to dismiss the indictment for post-indictment delay. United States v. Shell, 961 F.2d 138, 143 (9th Cir.1992).
 
 
 10
 In reviewing a speedy trial clause violation, we consider four factors: (1) the length of the pretrial delay; (2) the reason for the delay; (3) whether the defendant asserted his speedy trial right; and (4) prejudice to the defendant. Shell, 961 F.2d at 143 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). "None of these factors are either a necessary or sufficient condition to a finding of a deprivation of the right to a speedy trial." United States v. Williams, 782 F.2d 1462, 1465 (9th Cir.1985).
 
 A. Length of Delay
 
 11
 "The length of delay is a 'threshold' factor. If 'presumptively prejudicial,' the length of delay necessitates an examination of the other three factors. The delay is measured from the time of the indictment to the time of trial." Shell, 961 F.2d at 143 (citation omitted); see also United States v. Sears, Roebuck and Co., Inc., 877 F.2d 734, 739 (9th Cir.1989).
 
 
 12
 Here, Garibay-Bravo was indicted in May, 1988, and scheduled for trial on July 18, 1989. Following the district court's grant of two continuance motions, trial was not held until January 16, 1990. The delay was sufficiently long to raise the presumption of prejudice. See United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986) (six month delay); Simmons, 536 F.2d at 831 (same).
 
 B. Reasons for Delay
 
 13
 "The reason for the delay is the focal inquiry." Sears, 877 F.2d at 739. The less at fault the government was for the delay, the more likely the delay was justified. Barker, 407 U.S. at 531.
 
 
 14
 On July 20, 1988, approximately two months after Garibay-Bravo was indicted in the instant offense, he went to trial on the state drug trafficking charge. He was convicted, and received a seven year sentence on November 3, 1988. On February 1, 1989, a federal detainer was lodged against Garibay-Bravo for the escape charge. An arraignment was scheduled for May 15, 1989, but it was continued upon an oral motion by the government, as Garibay-Bravo was not present. On May 22, 1989, Garibay-Bravo was arraigned and a trial was scheduled for July 18, 1989. The district court twice continued the trial date, at Garibay-Bravo's request, in order to allow him to seek new counsel and locate evidence for his defense. The trial was held on January 16, 1990 and Garibay-Bravo was convicted of prison escape.
 
 
 15
 This course of events demonstrates that the government was at fault for only a portion of the pretrial delay. First, there was a six-month gap between the indictment and Garibay-Bravo's trial on the state drug trafficking charges. Second, there was a six-month gap following Garibay-Bravo's state conviction, and his arraignment on the escape charge, which was postponed due to his absence. Finally, there was a two-month delay between the arraignment and the first scheduled trial date. Garibay-Bravo's request for continuances contributed to the remaining pretrial delay.
 
 
 16
 Because Garibay-Bravo was engaged in defending the unrelated state charge for the first six months of this period, a trial on the federal escape charge would have been impossible. See Arnold, 566 F.2d at 1383. Eight months after the state conviction, Garibay-Bravo received his first trial date on the escape charge. Absent a showing of oppressive or purposeful delay, the delay of eight months between the indictment and original trial date did not violate his right to a speedy trial under the Sixth Amendment. See id. (seven-month month delay); United States v. Penland, 429 F.2d 9, 10 (9th Cir.1970) (17 month delay).
 
 C. Assertion of Right to Speedy Trial
 
 17
 Garibay-Bravo asserted his right to a speedy trial by checking the appropriate box on the February 1, 1989, federal detainer lodged against him. Cf. Sears, 877 F.2d at 740.
 
 D. Prejudice
 
 18
 Garibay-Bravo contends for the first time on appeal that the unresolved charge caused him to suffer anxiety and depression, which interfered with his rehabilitative process. We decline to address this argument.
 
 
 19
 " 'As a general rule, an issue not presented to the trial court cannot be raised for the first time on appeal.' " United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991) (quoting United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984)). As Garibay-Bravo did not argue anxiety and distress as a ground to support his prejudice claim in the district court, we do not consider it now. See id. Garibay-Bravo has not offered any other evidence showing prejudice which could justify dismissal on Sixth Amendment grounds. See Sears, 877 F.2d at 740-41.[4]
 
 
 20
 Therefore, we hold that Garibay-Bravo's constitutional right to a speedy trial was not violated by post-indictment delay. See Shell, 961 F.2d at 145; Sears, 877 F.2d at 741.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garibay-Bravo argues that we should consider the delay between his arrest and the filing of the indictment and the delay between his indictment and the initial trial date as one continuous delay for our Sixth Amendment analysis. We disagree. Garibay-Bravo is making two distinct claims, pre-indictment delay (Fifth Amendment due process analysis), and post-indictment delay (Sixth Amendment speedy trial analysis). See Arnold v. McCarthy, 566 F.2d 1377, 1382 (9th Cir.1978) (rejecting similar argument)
 
 
 [2]
 The due process clause of the Fifth Amendment requires a defendant to show that the pre-indictment delay caused actual non-speculative prejudice and that the delay was an intentional tactic by the prosecutor which violated " 'fundamental conceptions of justice which lie at the base of our civil and political institutions.' " Sherlock, Nos. 87-1299, 87-1300, slip op. at 4665 (quoting United States v. Lovasco, 431 U.S. 783, 789 (1977))
 
 
 [3]
 Because Garibay-Bravo does not allege a due process violation, "[d]eliberate government misconduct is not an issue in this case." See Simmons, 536 F.2d at 830 n. 9; cf. Sherlock, Nos. 87-1299, 87-1300, slip op. at 4665
 
 
 [4]
 In district court, Garibay-Bravo argued that he was losing good time credit on his state sentence because he was in federal custody as a claim of prejudice (RT 8/28/89 at 6-7). Nonetheless, he does not raise this argument on appeal and we do not consider it now